## CONSOLIDATED KANSAS CITY SMELTING & REFINING CO. v. DEAN.*
### (No. 627.)

(Court of Civil Appeals of Texas. El Paso. Nov. 9, 1916.)

MASTER AND SERVANT ☞351—INJURIES TO SERVANT — EMPLOYERS' LIABILITY ACT — RIGHT OF ACTION.

Under Employers' Liability Act (Acts 33d Leg. c. 179 [Vernon's Sayles' Ann. Civ. St. 1914, art. 5246i]) § 3, providing that "the employees of a subscriber shall have no right of action against their employer for damages for personal injuries, * * * but shall look solely for compensation to the Texas Employees' Insurance Association," where plaintiff entered defendant's employ with notice that defendant had a policy with the Texas Employees' Insurance Association, and under a written agreement waiving his right to maintain suit against defendants for personal injuries, and agreeing to look to the association, he had no right of action against defendant for personal injuries while in its employ.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. ☞351.]

Appeal from District Court, El Paso County; Dan M. Jackson, Judge.

Action by J. D. Dean against the Consolidated Kansas City Smelting & Refining Company. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

Lea, McGrady & Thomason, of El Paso, for appellant. Weeks & Vowell, of El Paso, for appellee.

HARPER, C. J. Appellee sued appellant for damages for personal injuries received while in its employ through its negligence on August 8, 1915. A trial by jury, verdict, and judgment for appellee for $6,000. There are a number of assignments of error, but there is one question that is conclusive of appellee's right to maintain this action, viz.

The appellant, as a defense, pleaded that as an employer, it had complied with the requirements of the Employers' Liability Act* enacted by the Thirty-Third Legislature, chap. 179, General Laws, p. 429. The appellee, in reply, charged that the act is unconstitutional and void. Since this suit was filed, the Supreme Court of Texas has declared the act to be in all its provisions constitutional.

The evidence is uncontradicted that appellant was entitled to and held a policy in the Texas Employees' Insurance Association, as created and permitted to do business under the said above act. That appellee entered appellant's employ with actual notice of such facts, and that he entered the employment under written agreement that in case he received injuries in such employment, he thereby waived his right to maintain a suit against appellant, and agreed to look to the association for his compensation.

Section 3 of said act provides that:

"The employees of a subscriber shall have no right of action against their employer for damages for personal injuries, * * * but such employees * * * shall look for compensation solely to the Texas Employees' Insurance Association as the same is hereinafter provided for."

It would extend this opinion to too great length to copy this act and serve no good purpose. Reference is therefore made to Middleton v. Texas Power & Light Co., 178 S. W. 956, wherein its provisions are more fully set out, and to the same case in 185 S. W. 556, which contains the opinion of the Supreme Court of Texas, above cited.

The appellee had no right of action against the appellant, and the court erred in ignoring the defense so pleaded and proven in submitting the cause to the jury as complained of by appellant by appropriate assignments.

The cause will therefore be reversed and rendered for appellant without prejudice, however, to any claim appellee may have against the insurance association.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Application for writ of error pending in Supreme Court.