GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY v. WILLIAM DAVIS.

Decided December 20, 1899.

**1. Action for Death—Evidence—Question Not Leading.**

In an action by a father for the death of his son, the question to plaintiff as a witness, "Please state whether or not he [speaking of deceased] was acquainted with your business affairs and financial condition," is not leading, and the answer thereto, in the affirmative, not irrelevant, since it tends to show the disposition of deceased towards plaintiff, which is a proper factor for consideration in such a case.

**2. Same.**

In such an action it was competent for plaintiff to show his circumstances and to prove his age.

APPEAL from Bexar. Tried below before Hon. J. L. CAMP.

*Upson & Newton,* for appellant.

*Ogden & Terrell,* for appellee.

JAMES, ASSOCIATE JUSTICE.—The case has been here on appeal twice (23 Southwestern Reporter, 305; 45 Southwestern Reporter, 958; 48 Southwestern Reporter, 571), and it is deemed not necessary to again explain its nature.

The court instructed the jury that deceased and the engineer Thomas Henry were fellow servants, and submitted the case upon the issue of defendant's negligence in respect to employment and continued employment of the engineer, who was charged to have been incompetent.

We conclude that there was testimony that would support a finding that defendant had been negligent in respect to having Henry in the position of engineer on the occasion in question; that the deceased, who was killed in the accident, was not chargeable with contributory negligence, and that the damages assessed were not excessive.

In respect to the first and second assignments, we think the questions were not leading. The question involved in the first was, "Please state whether or not he (speaking of deceased) was acquainted with your business affairs and your financial condition?" The answer was "Yes; railroading is regarded as a hazardous avocation, and Eddie had perfect knowledge of all my business. He knew who I owed and who owed me. In fact, I never made a move in anything without consulting him, for fear of death, so that he would be able to carry out my plans." The objections were that the question was leading and the testimony sought to be elicited was immaterial and irrelevant, and because there was no pleading which justified such testimony, and also that the court erred in permitting said answer. No particular objection to the answer is stated in the assignment, and evidently only those indicated in connection with the question should be considered. We think the question not leading; also that the answer was not immaterial nor irrelevant, because, in part at least, it tends to show the disposition of the deceased to plaintiff, which was a proper factor for consideration in cases of this kind. Some of the answer was not responsive to the question, but it was not objected to on that ground. The question complained of in the second assignment was in our opinion not leading, nor was the answer immaterial.

The third and fifth assignments show no error. It was competent for plaintiff to show his circumstances. It was also competent for him to prove his age. The sixth assignment states a certain ground of objection to certain testimony that the record does not bear out. The eighth and ninth assignments present untenable objections to the charge. The seventh assignment contends for an incorrect measure of or mode of arriving at damages, and the tenth and eleventh assignments, complaining of the refusal of a new trial and the excessiveness of the verdict, are disposed of by our conclusions of fact.

*Affirmed.*