CITIZENS RAILWAY COMPANY v. GEORGE WASHINGTON ET AL.

Decided November 14, 1900.

**1. Injury by Street Car.**

Findings of negligence on the part of defendant and absence of contributory negligence in case of one killed by collision with street car in attempting to drive across track, sustained.

**2. Contributory Negligence—Acting in Emergency.**

One suddenly discovering a rapidly approaching car while attempting to drive across a street car track was only required to resort to such means to avert collision as would suggest themselves to a man of ordinary prudence in his situation, and is not necessarily negligent in erroneously concluding that he could get across safely, though cool judgment would have required him to turn his horse away from the track.

**3. Same—Charge.**

See charges given and refused upon contributory negligence of one acting in emergency while attempting to cross street car track, held to present no error.

**4. Death—Damages.**

A verdict for $1777 as damages to parents from the death of a son eight years old is sustained as not excessive.

**5. Death—Damages—Evidence of Plaintiff's Poverty.**

In an action by parents for damages from the death of their minor son, evidence that the plaintiffs were poor was properly admitted with instructions that the jury should not consider it as a basis for increasing or diminishing damages, but to show the usefulness of the child.

APPEAL from McLennan, Nineteenth District. Tried below before Hon. MARSHALL SURRATT.

*Clark & Bolinger*, for appellant.—The court's charge on contributory negligence was entirely too onerous, and virtually destroyed the defense of contributory negligence, and the court committed error in refusing a proper charge asked by the defendant submitting in a regular way the issue of contributory negligence.

The charge of the court on this subject was in the following language: "If you believe from the evidence that plaintiff George Washington, at the time his said son was killed, drove his wagon upon defendant's street car track in front of a moving car, knowing that it was coming and within thirty feet thereof and so near thereto that the motorman by the use of every reasonable means at hand, after he discovered the danger of collision, could not stop said car before it collided with said wagon, and in so doing (if you so find) the said George did not exercise that care to avoid the injury which resulted that an ordinarily prudent person would have exercised under the same circumstances, and you further believe that but for such negligence (if any) on George's part, the injury complained of would not have occurred, then, if you so find, you will find for the defendant, although you may believe that the motorman was guilty of negligence as complained of by plaintiff."

After the above the court proceeded that the burden of the proof rested upon the plaintiffs to establish by a preponderance of the evidence that the defendant was guilty of negligence in causing the injury com-

plained of, etc., and also the amount of damages they have sustained, and that then the burden of proof rested upon the defendants to show by a preponderance of the evidence that George Washington was guilty of the acts of negligence complained of, etc.

Special charge asked by the defendant was substantially in the following language: "If you believe from the testimony that plaintiff George Washington did actually discover the approach of defendant's car and knew that it was approaching within a distance of about thirty or forty feet of him, and that notwithstanding this knowledge he suddenly reined his horse across the track of defendant in front of said approaching car, and if you further believe that such acts and conduct on the part of plaintiff George Washington was negligence, and that in so doing he failed to exercise such care and prudence as a man of ordinary prudence would have used under similar circumstances, and that such negligence of plaintiff, if any, proximately contributed to the injury and death of his son, then, in this event, plaintiffs could not recover," etc.

*Baker & Ross*, for appellees.

FISHER, CHIEF JUSTICE.—Appellees, as plaintiffs in the court below, sued appellant, a street railway company, for damages for the killing of their 8-year-old son Harrison Washington, and alleged in substance that on the 19th day of August, 1899, the appellant negligently operated its street car on South Fourth Street in the city of Waco; that while the appellee, George Washington, was driving his one-horse wagon down said Fourth Street in a southerly direction, he turned his horse across defendant's railway track, and while on said track appellant negligently and carelessly, without ringing the bell or giving other signals in time for sufficient warning, and while running its car at a greater rate of speed than allowed by law down the hill, negligently collided with the wagon appellee was driving, and caused the said son of appellees to be killed, resulting in damage to the plaintiffs' in the sum of $18.50 funeral expenses, $15 damage to plaintiffs' wagon, $4 for loss of time, $7500 for loss of services of their said son, including above amount, and $5000 exemplary damages.

The appellant for answer denied that it was guilty of the negligence alleged, and alleged that the appellee Washington was guilty of contributory negligence in attempting to cross the track in front of the street car, and that the motorman, after discovering the position of Washington, used every effort within his means to stop the car, in order to prevent the collision.

The case was tried before a jury, and judgment rendered in favor of appellees for $1777.

We find that there is evidence in the record which substantially supports the averments of negligence alleged in appellees' petition. In other words, we find that Harrison Washington, the son of appellee George Washington, a boy about 8 years of age, was killed by being

struck by the car, as alleged in plaintiffs' petition, and that the car at the time was being negligently run at a dangerous rate of speed on a down grade, on a public street in a thickly settled community in the city of Waco, and that the deceased was killed at a place on the track used as a public crossing, and that there was no signal or warning given previous thereto of the approach of the car; and we find that the proximate cause of the death of the boy was the acts of negligence as above stated. The boy when killed was riding in a wagon with his father, George Washington. George Washington, without seeing or knowing of the approach of the car, started to cross the track of the street railway, and when his horse was about on the track he discovered the approach of a car, which was thirty or forty feet away. He immediately whipped up his horse in an effort to cross the track, under the supposition and belief that he could get over before being struck by the car.

While it is a close case on the facts with reference to the issue of contributory negligence, we can not say that the evidence did not warrant the conclusion reached by the jury that Washington was not guilty of contributory negligence in going upon the track, or in attempting to cross it after he discovered the approach of the car. Therefore on this issue we find that Washington was not guilty of contributory negligence, as alleged. These conclusions dispose of all those assignments of error wherein the appellant complains that the verdict and judgment is contrary to and not supported by the testimony.

There is evidence in the record tending to show that Washington, when he discovered his perilous situation, could possibly have turned his horse away from the track before being struck by the car. But on the other hand, being upon the track at the time when he first saw the car approaching, we can not say from the evidence that he was not warranted in the conclusion that he could safely pass over before the car reached him. Being then first apprised of the danger and appreciating his perilous situation, he was not required to select the safest way of escape, but was only required to resort to such means as would then suggest themselves to a man of ordinary prudence in his situation. A cool, calm exercise of judgment in the selection of the safest and most adequate means of escape is not required of one so situated as Washington was at the time he found himself in the extremely perilous situation upon the track, with an approaching car close upon him.

Complaint is made in appellant's fourth assignment of error that the verdict of the jury is excessive. We can not agree with this contention.

There was no error in giving the charge complained of, as set out under appellant's fifth assignment of error. In fact, the charge is almost substantially the same in legal effect as the one requested by appellant, which was refused, as set out in the sixth assignment of error.

The court permitted Nancy Washington, the mother of the deceased Harrison Washington, to testify that the plaintiffs were very poor and had no means. This evidence was objected to on the ground that it was irrelevant, and that it was calculated to prejudice the jury. The bill of exceptions that raises this question has a qualification added by the court

to the effect that the jury were orally instructed at the time that the evidence was offered that it should not be considered by them as a basis for increasing or diminishing the amount of damages, but to show the usefulness of the child. For this latter purpose we think, in view of the instruction of the court to the jury, that the evidence was properly admitted. Brunswick v. White, 70 Texas, 511; Railway v. Vaughn, 5 Texas Civ. App., 195.

We find no error in the record, and the judgment is affirmed.

*Affirmed.*

Writ of error refused.