SOUTHWESTERN PORTLAND CEMENT CO. v. PRESBITERO et ux.

(No. 635.)

(Court of Civil Appeals of Texas. El Paso. Dec. 7, 1916. Rehearing Denied Jan. 5, 1917.)

1. TRIAL ☞350(3)—INJURIES TO SERVANT—SPECIAL ISSUES.

In an action for death of plaintiffs' minor intestate employed by defendant, evidence that the deceased occupied the position of night miller at defendant's plant and had full charge of the building justified the submission of a special issue as to whether the deceased, at the time of his death, was acting in the course of his employment as miller in the defendant's building.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 829, 831; Dec. Dig. ☞350(3).]

2. TRIAL ☞350(6)—INJURIES TO SERVANT—ISSUES.

In an action for death of plaintiffs' minor intestate employed by defendant, where the explanatory portion of the charge defined negligence, proximate cause and ordinary care, submission of the question, "Do you find that it was negligence to permit said collar to be in such condition?" was not error, as failing to

present the question of ordinary care in the use of the collar.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 830; Dec. Dig. ☞350(6).]

3. TRIAL ☞256(10)—INJURIES TO SERVANT—INSTRUCTIONS—NECESSITY OF REQUESTS.

A charge, defining negligence, proximate cause, and ordinary care, without affirmatively charging what degree of care the defendant was, by law, required to exercise in providing for the safety of its employés, was sufficient to reveal the degree of care required, in the absence of a request for a special charge.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 637; Dec. Dig. ☞256(10).]

4. DEATH ☞72—EVIDENCE—ADMISSIBILITY—PECUNIARY CONDITION OF PLAINTIFF.

In an action for the death of plaintiffs' minor intestate employed by defendant, evidence as to the amount of plaintiffs' property was admissible to show the reasonable expectation of pecuniary assistance from the deceased, but not for the purpose of increasing the amount of damages.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 91; Dec. Dig. ☞72.]

5. TRIAL ☞255(4)—INSTRUCTIONS—REQUESTS—PURPOSE OF EVIDENCE.

If the defendant desired the court to limit evidence as to the amount of plaintiffs' property to the purpose for which it was admissible, it should have presented a special charge to that effect.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 632; Dec. Dig. ☞255(4).]

6. TRIAL ☞127—CONDUCT OF COUNSEL—EVIDENCE—LIABILITY INSURANCE.

In an action for death of plaintiffs' minor intestate employed by defendant, where plaintiff alleged that defendant was not insured in the Employers' Liability Insurance Association, which would have relieved it from actions for injuries to its employés, a question as to whether defendant had notices posted around its plant that it carried insurance in accordance with the Employers' Liability Act (Acts 33d Leg. c. 179, pt. 1, § 3), elicited to prove that the defendant was not insured, was not subject to the objection that it was an attempt to inject into the case the question whether the company is insured, and impress upon the jury that an insurance company, and not defendant, would be called upon to pay the damages assessed.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 275; Dec. Dig. ☞127.]

Appeal from District Court, El Paso County; P. R. Price, Judge.

Suit by Barney Presbitero and wife against the Southwestern Portland Cement Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

Burges & Burges and S. P. Weisiger, all of El Paso, for appellant. Jones, Jones & Hardie, of El Paso, for appellees.

HARPER, C. J. Appellees, Presbitero and wife, brought this suit against appellant for damages for the death of their minor son, alleged to have been caused by the negligence of the defendant company. They allege, among other things, that the deceased contributed to their support, etc. The defendant answered by general denial; that it had furnished a safe place for deceased to work; that if there were any dangers connected with the operation of the ma-chinery, the deceased knew of them and assumed the risk; deny that they were guilty of negligence in any of the ways charged, but that deceased left the safe passageway provided for employés without cause, and unnecessarily came in contact with the revolving shaft supposed to have caused his death, and thereby was guilty of negligence against which it could not protect; therefore in no wise responsible. The cause was submitted to a jury upon special issues, and resulted in a verdict and judgment for $3,330, from which this appeal is perfected.

[1] The first ground of error is that the court erred in submitting to the jury the following special issue:

"Do you find from a preponderance of the evidence that at the time of his death John Presbitero was acting in the course of his employment, as miller, in the raw grinding building of defendant?"

—for the reason that it submitted an issue not supported by any evidence. There is evidence that he occupied the position of night miller at the plant; had full charge of the building; his duties were to look out for the whole building to see that everything was running, etc., and there is positive evidence that he went to work the night of the accident. True, there is evidence that some time before the accident he announced that "he was going to get some sleep," but if he did so, he evidently returned to his place of duty, and the circumstances, as revealed by this record, are sufficient to justify the charge. This disposes of the second, which complains of the refusal of the court to instruct a verdict for defendant upon the same grounds.

The third charges error in submitting the following issue:

"Do you find * * * that it was negligence * * * to permit the said collar to be in such condition?"

—because the question to be submitted was:

"Had the defendant, in permitting its use in the manner and form of its use and the place of its use, failed to exercise ordinary care?"

[2] The explanatory portion of the charge having defined negligence, proximate cause, and ordinary care, it was not error to submit the question complained of.

[3] Whilst the charge nowhere affirmatively charges the jury what degree of care the defendant is by law required to exercise in providing for the safety of its employés, in the absence of a special charge requested by it, we think the charge, submitted as a whole, sufficient to reveal to the jury the degree of care required.

[4, 5] The fourth: The question, "Have you any property to live upon?" asked of the plaintiff, was a proper subject of inquiry to show the reasonable expectation of pecuniary assistance from the deceased, but not for the purpose of increasing the amount of damages. I. & G. N. R. Co. v. Kindred, 57 Tex. 491; Gulf, C. & S. F. Ry. Co. v. Young-

er, 90 Tex. 387, 38 S. W. 1121. If the defendant desired the court to limit the evidence to the purpose for which it was admissible, it should have presented a special charge to that effect.

The fifth complains of the following question propounded to a witness:

"You have no notices posted around the plant out there that your company carries insurance in accordance with the Employers' Liability Act of Texas?"

[6] It is well settled that questions which tend to impress upon the jury that an insurance company, and not the defendant, would be called upon to respond for such damages as the jury might assess constitutes reversible error, but this assignment presents a very different question, for this testimony was elicited to prove that the company was not insured, as provided by the acts of the Texas Legislature, of 1913 (Acts 33d Leg. c. 179, pt. 1, § 3); therefore was not subject to the objection given; i. e.:

"Because it is an attempt to inject into the case the question whether or not the company is insured, to create in the minds of the jurors a prejudice against the defendant company and make them believe that the company was insured with an insurance company," etc.

The act above cited provides that employés of a subscriber to the Employers' Liability Insurance Association has no cause of action against such employer for personal injuries, but must look to the insurance association for compensation. Consolidated Kansas City Smelting & Refining Co. v. Dean, 189 S. W. 747 (opinion rendered at this term). The plaintiff pleaded that the defendant had not taken out a policy, which was not excluded upon exception. Therefore it is not likely that this question and answer had any influence whatever upon the jury.

For the reasons given, the assignments are overruled, and cause affirmed.