SCHAFF v. SHEPHERD. (No. 1808.)

(Court of Civil Appeals of Texas. Texarkana. June 1, 1917. Rehearing Denied June 14, 1917.)

1. APPEAL AND ERROR ☞231(6)—OBJECTION TO HYPOTHETICAL QUESTION—SUFFICIENCY.
An objection that a hypothetical question did not conform to the facts is not sufficiently specific for purposes of review.
[Ed. Note.—For other cases, see Trial, Cent. Dig. § 215.]

2. EVIDENCE ☞553(2)—OBJECTION TO HYPOTHETICAL QUESTION—SUFFICIENCY.
That a hypothetical question may have omitted portions of the evidence is not a valid objection since the omitted elements may be incorporated upon cross-examination.
[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2370.]

3. EVIDENCE ☞552—ADMISSIBILITY—EXPERT OPINION—HYPOTHETICAL QUESTIONS.
A physician's opinion regarding the cause of a child's illness, based upon facts stated in a hypothetical question, is admissible.
[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2368.]

4. APPEAL AND ERROR ☞232(2)—PRESERVATION OF OBJECTIONS—EVIDENCE—SCOPE OF OBJECTION.
Whether a witness' answer was responsive need not be determined where its exclusion was not requested on that ground.
[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1430, 1431; Trial, Cent. Dig. § 213.]

5. APPEAL AND ERROR ☞1050(2)—HARMLESS ERROR—ADMITTING EVIDENCE.
In action against a railroad for the death of a 2½ year old child, caused by poorly heated cars, the admission of evidence that public schools were heated to a certain temperature was harmless error.
[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4154.]

6. APPEAL AND ERROR ☞1050(2)—HARMLESS ERROR—ADMITTING EVIDENCE.
Where defendant carrier claimed that a child's death was due to improper care and not to its poorly heated cars, any error in admitting testimony that the child's mother gave it as good attention as witness could expect is harmless, especially where witness assisted in caring for the child, and was often with it.
[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4154.]

7. EVIDENCE ☞474(11)—OPINION—CARE OF CHILD—KNOWLEDGE OF WITNESS.
Testimony that the child was not properly nursed was correctly excluded where the witness saw it only three or four times during a month, and did not know how its mother treated it.
[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2206.]

8. DEATH ☞72—ADMISSIBILITY OF EVIDENCE.
Admitting testimony that the child's mother had no property or means was not erroneous.
[Ed. Note.—For other cases, see Death, Cent. Dig. § 91.]

9. EVIDENCE ☞553(4)—OPINIONS—HYPOTHETICAL QUESTION.
A hypothetical question assuming a fact not in evidence is properly excluded.
[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2373.]

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**10. APPEAL AND ERROR ⬤⟞1050(2)—HARMLESS ERROR—ADMITTING EVIDENCE.**

Any error in admitting testimony that ordinary people were not as careful as a physician would be about exposing sick children to the weather was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4154.]

**11. DEATH ⬤⟞31(7)—ACTION FOR CAUSING—WHO MAY SUE.**

Under Vernon's Sayles' Ann. Civ. St. 1914, arts. 4698, 4699, providing that an action for wrongful death may be brought by all the parties entitled to damages, or by any one or more for the benefit of all, a wife separated from her husband and unable to locate him may sue for their child's wrongful death.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 43.]

**12. DEATH ⬤⟞99(3)—EXCESSIVE DAMAGES.**

$2,250 damages *held* not excessive for the wrongful death of a 2½ year old boy.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 125, 126, 128.]

Appeal from District Court, Hunt County; A. P. Dohoney, Judge.

Action by Mrs. Bertha Shepherd against Charles E. Schaff, receiver of the Missouri, Kansas & Texas Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Affirmed.

The appeal is from a judgment against appellant in favor of appellee for $2,250 as damages she was entitled to because of the death of her son Duncan, due, she alleged, to negligence on the part of appellant.

Appellee alleged and proved that she and Duncan, then 2½ years old, were passengers on appellant's train which left Atoka, Okl., for Greenville, Tex., at about 1 o'clock of the morning of December 10, 1915; that the train reached Denison between 3 and 4 o'clock of that morning; that at Denison, as directed by employés of appellant, they changed from the car in the train which carried them there to a car in another train; that the weather was cold; that the car they changed to was not heated, but was cold and disagreeable and continued in that condition until the train got nearly to Greenville two hours later; and that, as a consequence, Duncan contracted a cold and was coughing and sneezing before the train reached Greenville. Appellee alleged that the cold Duncan so contracted resulted in la grippe and pneumonia, which caused his death on January 10, 1916. She charged, as negligence on the part of appellant, a failure by it to discharge the duty it owed to her and Duncan to use care to have the car "warm and comfortable," and permitting it, instead, to be "cold and disagreeable." Appellant's answer consisted of a general denial, and a special plea, among others unnecessary to specify, in which it alleged that if the child contracted cold while on its train as charged by appellee, it was "slight and temporary" only, and that he "would have been quickly restored to his usual health" had appellee exercised ordinary care for his comfort and relief. It charged that appellee, instead, negligently failed to exercise such care, but exposed the child "to inclemency of the weather, and traveled with him about the country in a wagon," etc., and, after being advised that "his condition was serious" and "warned that his disease would prove fatal," "left him alone" and negligently failed to seek or secure medical treatment" for him.

Dinsmore, McMahan & Dinsmore, of Greenville, and Chas. C. Huff, of Dallas, for appellant. Evans & Shields, of Greenville, for appellee.

WILLSON, C. J. (after stating the facts as above). All but 2 of the 12 assignments are predicated upon the action of the court in admitting testimony offered by appellee and rejecting testimony offered by appellant.

Whether, if the child was made sick by exposure to cold he was subjected to while on the train, such sickness was the sole proximate cause of his death, or neglect on the part of appellee to properly care for him afterwards was also a cause thereof, were issues in the case.

[1-4] Appellee's witness Wilbanks, a physician, treated the child during his illness. A hypothetical question calling upon the witness to state the cause of the child's death was objected to by appellant on the ground that it "did not conform to the testimony in many respects" (which respects appellant did not in its objection and does not in its brief undertake to specify), and on the ground that it was "speculative and conjectural." The court having overruled the objection, the witness answered, "The child died from pneumonia, took la grippe, and after a period passed into bronchial pneumonia." Appellee then asked the witness, "What was the cause of the child taking cold and having la grippe?" The question was objected to on the ground that the answer "would be speculative, conjectural, and guesswork." Before the court ruled on the objection the question was modified by another propounded by appellee, as follows, "Assuming the facts to be true as I have stated them (in the hypothetical question), what would be the cause of the child having the grip?" This was objected to on the same grounds. The objection being overruled, the witness answered, "In cases of pneumonia or la grippe we seek to get a history of exposure or contact, and getting the history of this child we naturally suspected that the cold was contracted on the trip down here." It is plain, we think, that appellant has no right to complain here of the action of the court in overruling its objections on the grounds stated. If the hypothetical question did not "conform to the facts," appellant in its objection should have specified in what respects it did not conform to the testimony. Dralle v. Town of Reedsburg, 140 Wis. 319,

122 N. W. 771. Moreover, that the question may have omitted elements which appellant thought it should include was not a valid objection to it. Appellant might have embodied such omitted elements in questions to the witness upon cross-examination, and in that way have obtained the opinion of the witness on its theory of the facts of the case. Railway Co. v. Compton, 75 Tex. 667, 13 S. W. 667; Railway Co. v. Greathouse, 82 Tex. 104, 17 S. W. 834; note to State v. Crowe, 18 Ann. Cas. 646; 17 Cyc. 242. It is obvious that the questions called for the witness' opinion as an expert, on the facts stated to him, as to the cause of the child's illness. We understand such opinions are admissible for whatever the jury may think they are worth as evidence. Whether the answer of the witness to the question last propounded to him was irresponsive or not need not be determined, as appellant did not ask that it be excluded on that ground.

[5] The same witness, over appellant's objection that it was immaterial and irrelevant, was allowed to testify that he thought "that in the public schools it is required that they be kept at a temperature of from 65 to 70 degrees." We think the objection should have been sustained and the testimony excluded, but that the error in admitting it is not a reason why the judgment should be reversed. It is not at all probable that it influenced the jury to render a verdict they otherwise would not have rendered.

[6] For the same reason, if we were satisfied it was error under the circumstances shown in the record to permit the witness Frazier to testify, over appellant's objection that it was the opinion and conclusion of the witness, that while the child was sick appellee gave him "as good attention as he (the witness) could expect any mother to give her child," we would overrule the assignment presenting that matter. But we are not satisfied the testimony was not admissible. It appeared that the witness and his wife visited appellee as often as twice a day during the time the child was ill and assisted appellee in caring for him. We are inclined to think the testimony was within an exception to the opinion rule, which permits a witness to "summarize human conduct by stating the effect which it produced on his mind." 17 Cyc. 95; Wilson v. Railway Co., 18 R. I. 598, 29 Atl. 300; Myers v. State (Cr. App.) 39 S. W. 111.

[7] We do not think there was inconsistency between the act of the court in admitting the testimony just referred to and his act in excluding the testimony of the witness Land offered by appellant, that the child was not properly nursed and attended to, but was neglected during his last sickness. It appeared from Land's testimony that he saw the child only three or four times during the month intervening between the time he reached Greenville from Oklahoma and his death, and knew nothing about how appellee treated him.

[8] It was not error for the court to permit appellee to testify that she did not "have any means or property of any character." Railway Co. v. Vaughn, 23 S. W. 745; Railway Co. v. Younger, 90 Tex. 387, 38 S. W. 1121; Railway Co. v. Washington, 24 Tex. Civ. App. 422, 58 S. W. 1042.

[9] Nor was it error to sustain appellee's objection to the hypothetical question propounded by appellant to its witness Dr. McBride. There was no testimony showing the child was left unattended "for a considerable length of time" while he was suffering with pneumonia.

[10] If the testimony of Dr. Cantrell complained of in appellant's eighth and ninth assignments, that ordinary people frequently were not as careful as a physician would be about exposing sick children to the weather, should have been excluded, we think the error in admitting it should be treated as harmless.

[11] The contention made that the judgment "is not a final judgment or a valid judgment" is on the theory that G. B. Shepherd, who was appellee's husband and the child's father, was not a party to the suit so as to be bound by it. In her petition appellee alleged that she and her said husband "separated practically three years" before the time when the child was made sick as charged by her, and that his whereabouts was unknown to her, and further alleged that she then had a suit for a divorce from him pending. She prayed "that she be permitted to prosecute this suit in her own name and for her own benefit" and for the benefit of her said husband "in so far as he may have interest in this cause of action." The jury found that she alone was entitled to recover of appellant on account of the death of the child, and judgment accordingly was rendered in her favor, and that her husband take nothing by the suit. We think the contention is without merit. The statute provides that such an action shall be for the sole and exclusive benefit of the surviving parents, and—

"may be brought by all of the parties entitled thereto, or by any one * * * of them for the benefit of all." Articles 4698 and 4699, Vernon's Statutes.

[12] We do not think the verdict was excessive. Railway Co. v. Cullen, 29 S. W. 256.

The judgment is affirmed.