### SCHAFF v. WILSON.   (No. 132.)*

(Court of Civil Appeals of Texas. Waco. Jan. 8, 1925. Rehearing Denied Feb. 12, 1925.)

1. **Judgment** ⟨⟩198—**Judgment should be entered for plaintiff if any one of several grounds of negligence sustained.**

Where several grounds of negligence are submitted to jury which finds each ground thereof is proximate cause of injury, and some of the grounds are not sustained by the evidence, judgment should nevertheless be entered for plaintiff if any of the grounds of negligence are sustained by the evidence.

2. **Judgment** ⟨⟩198—**Judgment must be entered on jury's findings, unless so inconsistent and contradictory as to destroy each other.**

Judgment must be entered on jury's findings, unless so inconsistent and contrary as to destroy each other.

3. **Negligence** ⟨⟩136(25)—**Proximate cause of injury dependent on facts.**

Ordinarily an act of negligence may or may not be proximate cause of injury according to facts of particular case.

4. **Railroads** ⟨⟩352—**Judgment for plaintiff for wrongful death held warranted, notwithstanding conflicting findings on contributory negligence.**

Where, in an action for wrongful death, jury finds railroad negligent in failing to sound warning, in running train at dangerous speed, in failing to keep proper lookout, in failing to maintain a reasonably safe crossing, and that each of such acts was independent and proximate cause of injury, and that deceased was not contributorily negligent, judgment should be for plaintiff, notwithstanding jury's conflicting finding on special issues on deceased's contributory negligence with respect to defective crossing.

Appeal from District Court, Ellis County; W. L. Harding, Judge.

Action by D. L. Wilson against C. E. Schaff, receiver of the Missouri, Kansas, & Texas Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

C. C. Huff, of Dallas, and G. C. Groce, of Waxahachie, for appellant.

Farrar & Kemble, of Waxahachie, for appellee.

BARCUS, J.   Appellee filed this suit against appellant for damage occasioned by reason of appellee's wife being killed on a railroad crossing. Appellee alleged that appellant was negligent in failing to ring the bell or blow the whistle on the engine, as required by law, in running the train at a high and dangerous rate of speed, in failing to keep a proper lookout, and in failing to keep the roadbed at the crossing in proper repair. Appellant answered by general denial and plea of contributory negligence. The cause was tried to a jury, and submitted on special issues. The jury found that appellant was guilty of each of the above grounds of negligence and that each was the proximate cause of the injury. The jury found that the deceased was not guilty of contributory negligence. By questions 11, 12, and 13 the jury was asked, in substance, whether the defendant used ordinary care to maintain a reasonably safe crossing at the place of the accident for persons having occasion to walk over the same, to which the jury answered no and that same was negligence, which was the proximate cause of the injury.

Question 18 submitted was:

"Would an ordinarily prudent person, in the exercise of ordinary care for his own safety, in walking over the crossing in question at the time of the accident, have seen and avoided the defects, if any, in the crossing?"

—to which the jury answered, "Yes."

Question 19 was:

"Was such failure, if any, on the part of Mrs. Wilson to discover and avoid the defects, if any, in the crossing, negligence on her part at the time she went upon said crossing?"

—to which the jury answered, "No." The jury assessed the damages at $6,000.

The appellant makes no complaint of the jury's findings that the train was running at a high and dangerous rate of speed, and that the whistle was not blown or the bell rung, and that appellant did not keep the proper lookout, and of the finding of the jury that each of said acts of negligence was the proximate cause of the injury. Appellant objected to the trial court's submitting to the jury the issues with reference to the defects in the crossing, and with reference to the deceased having attempted to cross the track in front of the on-coming train, on the theory that neither of said issues was supported by the testimony and assigns error on the court's having submitted said questions to the jury.

[1] Where several grounds of negligence are submitted to the jury and the jury finds each ground of negligence is the proximate cause of the injury, and some of the grounds are not sustained by the evidence, the judgment should nevertheless be entered for plaintiff if any of the grounds of negligence

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error dismissed for want of jurisdiction April 1, 1925.

are sustained by the evidence. Schaff v. Morris (Tex. Civ. App.) 227 S. W. 199; St. L., S. F. & T. Ry. Co. v. Morgan (Tex. Civ. App.) 220 S. W. 281; Millers Indemnity Underwriters v. Schrieber (Tex. Civ. App.) 240 S. W. 963; Chicago, R. I. & G. Ry. Co. v. Steele (Tex. Civ. App.) 264 S. W. 503.

Appellant contends that the jury's finding in answer to question 18 is in direct conflict and contradictory of its findings in answer to questions 11, 12, 13, and 19, in that the jury in answer to questions 11, 12, and 13 found that appellant did not use ordinary care to maintain a reasonably safe crossing, and that same was negligence and the proximate cause of the injury, and by its answer to question 18 the jury found that an ordinarily prudent person in the exercise of ordinary care would have seen and avoided the defects in the crossing, and in answer to question 19 the jury found that it was not negligence on the part of the deceased not to have discovered and avoided the defects in said crossing. Appellee contends that there is no conflict in the findings of the jury and takes the further position that, if there is a conflict with 'reference to said findings, the jury having found other independent acts of negligence which were the proximate cause of the injury, he was entitled to a judgment, regardless of said conflict.

[2] The trial court is required to enter judgment on the findings of the jury, unless same are so inconsistent and contradictory that they destroy each other. Puckett v. Davis (Tex. Civ. App.) 238 S. W. 367. While the jury found that an ordinarily prudent person, in the exercise of ordinary care, would have seen and avoided the defects in the crossing, the jury also found that such failure on the part of Mrs. Wilson to discover and avoid the defects was not negligence on her part at the time she did go upon the crossing.

[3] Ordinarily an act of negligence may or may not be the proximate cause of the injury, according to the facts of the particular case (Houston E. & W. T. Ry. Co. v. Wilkerson [Tex. Civ. App.] 224 S. W. 574; Davis v. Pettitt [Tex. Civ. App.] 242 S. W. 783), and whether the failure on the part of the deceased to discover and avoid the defects in the crossing under the circumstances in this particular case was negligence on her part was submitted to the jury, and the jury found that it was not.

[4] Appellant claims that, where a jury has found, as in this case, four different and distinct acts of negligence on the part of the appellant, and found that each was the independent and proximate cause of the injury, said findings should be set aside and no judgment rendered if in answer to other questions submitted the jury found that one of the acts of negligence should have been seen and avoided by the injured party. In Houston E. & W. T. Ry. Co. v. Wilkerson, supra, the jury found the railway company guilty of several different acts of negligence which caused the injury, and found that the injured party was not in any way guilty of contributory negligence, and then, in answer to special issues, found that the injured party at the time of the accident was driving his automobile at an unlawful and negligent rate of speed and could by the exercise of ordinary care have seen and heard the engine, and seen the train in time, to have stopped his automobile. The court held said findings were not in conflict, and did not prevent the trial court rendering judgment for plaintiff against the railway company. We do not think the jury's findings in this cause are in conflict. If, however, we are mistaken in this conclusion and it could be said that there is a conflict in the jury's findings, in so far as they relate to the crossing, the court should have rendered judgment for appellee on the other findings of the jury. If the jury had found, as they did, that appellant was guilty of negligence, in failing to blow the whistle, ring the bell, in running the train at a high and dangerous rate of speed, and in failing to keep a proper lookout, and that each of said acts was an independent and proximate cause of the injury, and had found that appellant was not guilty of negligence in failing to maintain a reasonably safe crossing, the trial court should have rendered a judgment for appellee. We see no sound reason why the verdict should be different if the jury rendered conflicting findings with reference to the negligence of appellant in maintaining its crossing.

We have examined all of appellant's assignments of error and overruled same. The judgment of the trial court is affirmed.