**ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. INMAN et al. (No. 3197.)\***

(Court of Civil Appeals of Texas. Texarkana. March 26, 1926. Rehearing Denied April 8, 1926.)

**1. Appeal and error ⬅672—Railroads ⬅352—Findings as to negligent speed of train and failure to avoid accident held inconsistent and to be error apparent on face of record (Vernon's Sayles' Ann. Civ. St. 1914, art. 1607).**

In suit for death of plaintiff's decedent when struck by train, finding to effect that train was negligently operated at dangerous and excessive rate of speed, and finding that, notwithstanding such speed, employees by exercise of care could have avoided accident *held* inconsistent and to constitute error apparent on face of record, within Vernon's Sayles' Ann. Civ. St. 1914, art. 1607, and not to authorize judgment against defendant.

**2. New trial ⬅60—Trial 359(2)—Trial court should have refused to receive verdict containing inconsistent findings and required them to consider case further, or should have set findings aside and directed a new trial.**

Where findings of jury were inconsistent and did not authorize judgment against defendant, trial court should have refused to receive verdict and required jury to consider case further, or, having received it, should have set aside findings and directed a new trial.

**3. Death ⬅72—Proof of dependency of decedent's daughter held admissible to show right to expect pecuniary aid from deceased.**

In action for death, proof that decedent's daughter, who had been married and divorced, had no means of support except that contributed by decedent and her husband *held* admissible to show that she had a right to expect pecuniary aid from deceased.

---

**4. Evidence ⬦⟹506, 552—Testimony in answer to hypothetical question as to speed of train held admissible, as against objection that it was not permissible to prove speed of train that way, and that testimony allowed witness to invade province of jury.**

Testimony in answer to hypothetical question, that train was running at speed of 50 miles an hour when car in which decedent was riding was struck held admissible, as against objection that it was not permissible to prove speed of train in that way, and that to permit witness to state his opinion thereof allowed him to invade province of jury.

**5. Appeal and error ⬦⟹232(1)—Submission of issue as to discovered peril held not ground for complaint, where issue was not objected to on ground urged on appeal, and defendant requested special charges with reference to issue.**

In action for death of one struck by train, any error in submitting issue of discovered peril, in that it was not authorized by testimony, held not ground for complaint, where defendant did not object to submission of issue on that ground, but requested special charges with reference to issue.

Appeal from District Court, Franklin County; R. T. Wilkinson, Judge.

Action by Hugh Inman and another against the St. Louis Southwestern Railway Company of Texas. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

This suit for damages for the death of Mrs. Willie Inman was commenced and prosecuted by her surviving husband and daughter, appellees here, and by her father and mother, who are not parties to this appeal, and who therefore need not be again referred to. An automobile in which Mrs. Inman and her daughter and Mrs. Stella Hightower and her three minor sons were traveling on a public road was struck by one of appellant's passenger trains at a point about three miles south of Mt. Pleasant, where its line of railway crossed said public road. As a result of the collision Mrs. Inman was thrown from the automobile and thereby instantly killed. Appellees alleged that the collision was due to actionable negligence of employees of appellant in charge of the train, in that they (1) failed to comply with the requirements of the law with reference to sounding the whistle and ringing the bell of the locomotive as it approached the crossing (article 6564, Vernon's Sayles' Ann. Civ. St. 1914); (2) operated the train over the crossing at an excessive and dangerous rate of speed; and (3) discovered in time to have avoided the collision that the automobile was going upon the crossing, and failed to use the care they should have used to avoid the collision. On special issues submitted to them the jury found that said employees did not fail to sound the whistle and ring the bell as

charged against them, but that they were guilty of actionable negligence in that they were operating the locomotive "at a dangerous and excessive rate of speed" at the time it struck the automobile. The jury found, further, that the fireman on the locomotive "discovered that the driver of the automobile (Mrs. Hightower) in which Mrs. Willie Inman was riding was going to cross the track in front of the moving train, and that he discovered such fact in time that he could, in the exercise of ordinary care, have given warning to the engineer so that the engineer in the exercise of ordinary care, by the use of the means at hand, consistent with the safety of the train, its crew, and passengers, could have stopped or slackened the speed of the train in time to have avoided a collision with the automobile."

The appeal is from a judgment in favor of Mrs. Inman's surviving husband, appellee Hugh Inman, for $14,500, and in favor of her daughter, appellee Opal Inman, for $500.

King, Mahaffey & Wheeler, of Texarkana, and J. A. Ward, of Mt. Pleasant, for appellant.

H. L. Wilkinson and J. H. Beavers, both of Winnsboro, for appellees.

WILLSON, C. J. (after stating the facts as above). [1, 2] Without respect to whether appellant has assigned error entitling it to a reversal of the judgment or not, we feel bound to reverse same because of "error apparent on the face of the record" (article 1607, Vernon's Sayles' Ann. Civ. St. 1914), in that it appears that the findings of the jury on the issues as to negligence on the part of appellant's employees in charge of the trains were so contradictory as to nullify each other and leave nothing upon which to predicate a judgment against appellant. · As shown in the statement above, one of the findings was that said employees were guilty of actionable negligence in that they were operating the locomotive at a dangerous and excessive rate of speed at the time it struck the automobile, and the other was that they were guilty of such negligence in that, having discovered that the deceased was in a perilous position from the train, they failed to use proper care to avoid the collision which occurred. It is obvious, we think, that, unless the speed at which the train was operated was so great that said employees, exercising proper care, could not have avoided the collision, such speed could not have been the proximate cause of the accident. Hence the effect of the first mentioned of the two findings was to determine that at the speed appellant's employees were operating the train they could not by the exercise of proper care have avoided the accident, while the effect of the other one of the findings was to determine that, notwithstanding the speed at which they

were operating the train, said employees by the exercise of proper care could have avoided the accident. In that attitude of the case we think a judgment against appellant was unauthorized. The trial court should have refused to receive the verdict and required the jury to consider the case further, or, having received it, should have set aside the findings and directed a new trial. Railway Co. v. Bowles (Tex. Civ. App.) 30 S. W. 80; Van Valkenburg v. Ruby, 68 Tex. 139, 3 S. W. 746; Traction Co. v. Gee (Tex. Civ. App.) 198 S. W. 992; Oil Co. v. Strauss (Tex. Civ. App.) 243 S. W. 528; Puckett v. Davis (Tex. Civ. App.) 238 S. W. 367; Railway Co. v. Wilkerson (Tex. Civ. App.) 224 S. W. 574; Railway Co. v. Gordon, 70 Tex. 80, 7 S. W. 695; Insurance Co. v. Okasaki (Tex. Civ. App.) 177 S. W. 200.

As the cause is to be remanded to the court below, we will now determine questions presented by the assignments, and which are likely to arise on another trial.

[3] We do not think the trial court erred when he overruled appellant's exception to the allegations in appellees' petition to the effect that appellee Opal Inman (who had married and been divorced) "had no means of support except that contributed by her father and mother," and when he overruled appellant's objection and permitted said appellee as a witness to testify to the same effect. It has been repeatedly held that it is permissible for a plaintiff to prove such facts—not for the purpose of enhancing the amount of damages he may be entitled to recover, but to show that he had a right to expect pecuniary aid from the deceased. Railway Co. v. Bonnet (Tex. Civ. App.) 38 S. W. 813; Railway Co. v. Knight (Tex. Civ. App.) 52 S. W. 640; Railway Co. v. White, 23 Tex. Civ. App. 280, 56 S. W. 204; Railway Co. v. Davis, 22 Tex. Civ. App. 335, 54 S. W. 909; Railway Co. v. Washington, 24 Tex. Civ. App. 422, 58 S. W. 1042; Railway Co. v. Bowles, 32 Tex. Civ. App. 118, 72 S. W. 451; Cement Co. v. Presbitero (Tex. Civ. App.) 190 S. W. 776; Railway Co. v. Sloman (Tex. Civ. App.) 195 S. W. 321; Railway Co. v. McGill (Tex. Civ. App.) 222 S. W. 699.

[4] In response to a hypothetical question propounded to him by appellees, the witness Pullen, over appellant's objection, was permitted to testify that the train was running at a speed of 50 miles an hour when the collision occurred. The grounds of the objection, so far as they need be stated in view of the disposition to be made of the appeal, were that it was not permissible to prove the speed of the train in that way, and that to permit the witness to state his opinion as to the speed of the train would be to allow him to "invade the province of the jury." We do not think the court erred when he refused to exclude the testimony on either of the grounds stated. Hines v. Kelley (Tex. Civ. App.) 226 S. W. 493; Railway Co. v. Gillespie, 48 Tex. Civ. App. 56, 106 S. W. 707.

[5] Appellant insists here that the testimony did not authorize the submission to the jury of an issue as to "discovered peril," and that the trial court therefore erred when he submitted such an issue. We have not found anything in the record showing that appellant objected to the submission of the issue on the ground it urges here. On the contrary, it appears in the record that, instead of objecting in the court below to the submission of the issue, appellant requested special charges with references to it, indicating that it thought such an issue was raised by the testimony. The record being as stated, we do not feel called upon to determine whether the trial court erred as charged or not. Lancaster v. Keller (Tex. Civ. App.) 244 S. W. 1094; Riedel v. Wenzel (Tex. Civ. App.) 186 S. W. 386.

The judgment will be reversed, and the cause will be remanded to the court below for a new trial.

### On Motion for Rehearing.

Appellees vigorously insist this court erred, in holding that the findings of the jury referred to in the opinion disposing of the appeal were conflicting and destroyed each other, and cite Houston Electric Ry. Co. v. Schmidt (Tex. Civ. App.) 244 S. W. 1110; Schaff v. Wilson (Tex. Civ. App.) 269 S. W. 140; Ry. Co. v. Steele (Tex. Civ. App.) 264 S. W. 503; Trochta v. Ry. Co. (Tex. Com. App.) 218 S. W. 1038; Harrell v. Ry. Co. (Tex. Com. App.) 222 S. W. 221; and Schaff v. Young (Tex. Civ. App.) 264 S. W. 582, as cases supporting their intention. We have read and considered those cases, and do not think there is a holding in any of them contrary to the conclusion reached by us in this case. That conclusion, we still think after further consideration of the question in the light of the motion, is correct. Therefore the motion is overruled.