INMAN et al. v. ST. LOUIS SOUTHWEST-
ERN RY. CO. OF TEXAS.
(No. 700–4624.)

(Commission of Appeals of Texas, Section B.
Nov. 24, 1926.)

**1. Trial ⊜350(6)—Issue of discovered peril does not eliminate that of primary negligence.**

Issue of discovered peril does not eliminate or render immaterial issue of primary negligence.

**2. Railroads ⊜352—Findings of locomotive's excessive speed, and discovery of peril in time to avoid collision with automobile, held not necessarily inconsistent.**

Findings that locomotive was being operated at excessive speed, and that fireman discovered that automobile driver was going to cross track in front of train in time to warn engineer, so that latter could stop or slacken speed in time to avoid collision, *held* not necessarily inconsistent, so as to bar recovery for death of automobile guest not contributorily negligent.

**3. Appeal and error ⊜1094(1)—Excessiveness of verdict and judgment is for Court of Civil Appeals.**

Assignments that verdict and judgment are excessive are for Court of Civil Appeals, not Supreme Court.

**4. Appeal and error ⊜1114—On reversal of judgment of reversal and remand for fundamental error, Supreme Court should remand cause to Court of Civil Appeals for consideration of assignments not acted on.**

Where Court of Civil Appeals has not passed on many assignments of error, Supreme Court cannot render final judgment on reversal of judgment reversing judgment for plaintiffs and remanding cause for fundamental error, but should remand cause to Court of Civil Appeals for consideration of assignments not acted on.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Action by Hugh Inman and others against the St. Louis Southwestern Railway Company of Texas. A judgment for plaintiffs was reversed, and the cause remanded by the Court of Civil Appeals (283 S. W. 689), and plaintiffs bring error. Reversed and remanded to the Court of Civil Appeals.

J. H. Beavers and H. L. Wilkinson, both of Winnsboro, for plaintiffs in error.

E. B. Perkins, of Dallas, J. A. Ward, of Mt. Pleasant, and King, Mahaffey & Wheeler, of Texarkana, for defendant in error.

POWELL, P. J. This case is fully stated in the opinion of the Court of Civil Appeals. See 283 S. W. 689. The plaintiffs in the trial court recovered damages, and the judgment was reversed and the cause remanded by the Court of Civil Appeals because it decided that fundamental error appeared in the record. Such error, as viewed by the Court of Civil Appeals, was in the fact that two of the jury's findings were "so contradictory as to nullify each other and leave nothing upon which to predicate the judgment." The jury found that, at the time of this collision on the crossing, the locomotive was being operated "at a dangerous and excessive rate of speed." The same jury further found that the fireman on the locomotive "discovered that the driver of the automobile (Mrs. Hightower) in which Mrs. Willie Inman was riding, was going to cross the track in front of the moving train, and that he discovered such fact in time that he could, in the exercise of ordinary care, have given warning to the engineer, so that the engineer, in the exercise of ordinary care, by the use of the means at hand, consistent with the safety of the train, its crew, and passengers, could have stopped or slackened the speed of the train in time to have avoided a collision with the automobile."

[1] The Court of Civil Appeals says, in effect, that it does not see how each of such acts of negligence could be the proximate cause of the injury. In other words, it is but a reiteration of the contention that all issues of primary negligence disappear or become immaterial when discovered peril arises in a case. We think this doctrine has been thoroughly overruled in two recent cases by this section of the Commission of Appeals. We refer to Hines v. Foreman, 243 S. W. 479, and Smith v. Railway Co., 277 S. W. 102. In each of these cases the cause was remanded and the holdings of the Commission approved by the Supreme Court. It seems that neither of these recent decisions was called to the attention of the Court of Civil Appeals. That court, in acting on motion for rehearing in the case at bar, referred to many other authorities cited by counsel for Inman.

In the Foreman Case Presiding Judge McClendon said:

"It is urged by defendant that the trial court committed error in submitting the special issues on primary negligence and contributory negligence, because the evidence raised the issue of discovered peril. It was upon this contention that the Court of Civil Appeals was divided in its holding. Defendant's contention in this regard is that, where the evidence raises the issue of discovered peril, the issues of primary negligence and contributory negligence become immaterial and the sole question then is whether plaintiff can recover upon the issue of discovered peril. We have no doubt of the correctness of the holding of the majority of the Court of Civil Appeals upon this issue to the effect that mere raising of the issue of discovered peril does not eliminate from the case the issue of primary negligence on the part of defendant in creating the perilous situation. It is true that, where the defendant discovers the perilous situation of the plaintiff in time to avoid injury by the exercise of ordinary care in the use of

all means at hand, having due regard to the safety of others, a new duty arises to exercise such care, and failure to do so creates liability, regardless of the original cause of plaintiff's perilous situation. But it is not true that the defendant can relieve itself from liability for its negligence proximately producing a perilous situation and consequent injury by showing that it discovered such perilous situation in time to avoid it by the exercise of ordinary care, but at the same time did not avert the injury. Discovery of the peril in time to avert the injury by the use of ordinary care would necessarily create liability unless the injury were averted. A finding that ordinary care was used after discovery of the peril necessarily precludes a finding that the peril was discovered in time to avoid injury by the exercise of ordinary care unless the injury were in fact avoided. . There was no error in submitting these issues because there was no theory upon which defendant could be relieved of the consequences of its primary negligence, if any, in creating plaintiff's perilous situation which would defeat plaintiff's cause of action. The failure of defendant to exercise ordinary care to avert the accident after discovering plaintiff's perilous situation would render immaterial defendant's primary negligence as a proximate cause of the injury on account of the new situation and new duty which arose upon discovering the peril. But, in order to remove the primary negligence of plaintiff as a proximate cause of the injury on the ground of discovered peril, it must necessarily appear that there was liability on the discovered peril theory; otherwise the new duty would be negatived. Primary negligence was, therefore, an issue in the case unless the evidence were such as to warrant a peremptory instruction for plaintiff on the issue of discovered peril—a theory which the evidence will not support, and which, if admitted by defendant, would establish liability against him."

The writer of this opinion was the author of the opinion in the Smith Case, supra, and his reasons are set out on page 105 of 277 S. W.

This exact question was not before our Supreme Court in the case of Railway Co. v. Houston, 111 Tex. 324, 234 S. W. 385. But in that case Judge Pierson said that "the issue of discovered peril arises not in conjunction with, but apart from, these other issues." The other issues in mind were those of primary negligence.

For cases by the Courts of Civil Appeals which we consider persuasively in point on this question, we refer to Electric Co. v. Schmidt, 244 S. W. 1110, and Schaff v. Wilson, 269 S. W. 141.

[2] In the case at bar, the deceased was found not guilty of contributory negligence. She acted prudently at all times, according to the jury finding. We see no reason why recovery should be denied her simply because the jury made two findings, either of which would authorize recovery, and which, as we view it, were not necessarily inconsistent with each other.

The Court of Civil Appeals, in addition to the finding we have already discussed, passed on a few other assignments presented by the railway company, but only such as the court thought might arise on another trial. It pretermitted a discussion of many assignments in the brief of the railway company. We think the other portions of the opinion of the Court of Civil Appeals are correct.

[3, 4] There still remain many assignments upon which the Court of Civil Appeals has not passed, including two to the effect that the verdict and judgment are excessive. The latter assignments are for the Court of Civil Appeals. See Railway Co. v. Harrington (Tex. Com. App.) 235 S. W. 188. We cannot render final judgment here. Since that is true, we think this cause should be remanded to the Court of Civil Appeals in order that the assignments heretofore not acted upon may be given consideration by that court. See Bowles v. Mitchell (Tex. Com. App.) 245 S. W. 74. .

Therefore we recommend that the judgment of the Court of Civil Appeals be reversed and the cause remanded to that court for consideration of the undisposed of assignments of error.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and cause remanded to that court for further consideration, as recommended by the Commission of Appeals.