## ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. INMAN et al. (No. 3197.)*

Court of Civil Appeals of Texas. Texarkana.
Feb. 4, 1927.

Rehearing Denied Feb. 17, 1927.

1. Appeal and error ⬅=>1170(10)—Issue whether fireman discovered automobilist was going on track in time to warn engineer, enabling him to have avoided collision, held not confusing, uncertain, or complex (Rules for Courts of Civil Appeals, rule 62a).

In action for death in collision of train with automobile, issue whether fireman discovered approach of automobile in time to have warned engineer, so that he could with ordinary care, consistent with safety of train, crew, and passengers, have avoided collision, was not confusing, uncertain or erroneous, and overruling

---

objection that it joined issue of whether fireman discovered intent of automobile driver to cross track with issue of whether he discovered it in such time as to have effectively warned engineer, was not reversible error, in view of Rules for Courts of Civil Appeals, rule 62a.

2. **Trial** ⟨⟩352(5)—**Refusal to substitute issue assuming fireman's discovery of automobilist's intention to go on track for issue requiring finding such discovery held not error.**

In action against railroad company for death of passenger in automobile in collision with train, in which court submitted to jury issue whether fireman discovered driver of automobile was going to cross track in time so that he could, with ordinary care, have warned engineer, so that latter could, with ordinary care, by use of means at hand consistent with safety of train, its crew, and passengers, have avoided collision, refusal to submit therefor requested issue practically the same, except that it assumed fireman discovered automobile driver's intention to drive on crossing, was not error.

3. **Trial** ⟨⟩215—**Where issue of discovered peril of automobile approaching track needed no explanation, refusal of requested explanatory charges was not error.**

In action for death in collision of train and automobile, where issue as to discovered peril of automobile approaching track as framed needed no explanation, refusal of explanatory charges thereon, requested by defendant railroad company, was not error.

4. **Appeal and error** ⟨⟩843(2)—**In view of finding on issue of whether discovered peril sustained judgment, consideration of assignments of error as to deceased's contributory negligence and speed of train held unnecessary.**

Where judgment for death of passenger in automobile would be sufficiently supported as to defendant railroad company's liability by findings on issue of discovered peril, considering issues of deceased's contributory negligence and speed of train, not considered in former opinion on appeal reversed by Supreme Court, is not necessary.

5. **Railroads** ⟨⟩338—**Railroad, negligent after discovery of peril, is liable, notwithstanding contributory negligence.**

In action for death of passenger in automobile in collision with train, railroad company, whose employees were negligent after discovery of peril, cannot defend on ground of contributory negligence of deceased.

6. **Death** ⟨⟩99(4)—**$14,500 to surviving husband and $500 to daughter of deceased held not excessive (Rev. St. 1925, art. 4677).**

Under Rev. St. 1925, art. 4677, verdict of $14,500 for husband and of $500 for daughter of woman killed in collision of train with automobile was not excessive.

Appeal from District Court, Franklin County; R. T. Wilkinson, Judge.

Action by Hugh Inman and another against the St. Louis Southwestern Railway Company of Texas. From a judgment for plaintiffs, defendant appeals. Affirmed, and former judgment of reversal (283 S. W. 689) set aside.

King, Mahaffey & Wheeler, of Texarkana, and J. A. Ward, of Mt. Pleasant, for appellant.

H. L. Wilkinson and J. H. Beavers, both of Winnsboro, for appellees.

WILLSON, C. J. The judgment appealed from was reversed by this court because we thought certain findings of the jury on which it was based were so contradictory as to destroy each other. See 283 S. W. 689. A writ of error having been granted by the Supreme Court, it held (erroneously, we think), on the recommendation of section B of the Commission of Appeals (based on Hines v. Foreman, 243 S. W. 479, and Smith v. Railway Co., 277 S. W. 103, which we regard as inapplicable to the question decided), that the conclusion reached by us was wrong, and, reversing the judgment rendered here, remanded the cause to this court for consideration of assignments of error not disposed of when the judgment of the trial court was reversed by us as stated above. See 288 S. W. 150.

[1] Several of said assignments of error related to the issue of "discovered peril." The fireman on the locomotive pulling the train testified that the public road the deceased was traveling to the crossing where the accident occurred ran near to and parallel with the track of the railway for a mile or more before it reached said crossing, and that he saw the automobile in which deceased was traveling as it approached the crossing, and when it was a quarter of a mile therefrom, but did not discover it was not going to stop and wait for the train to pass over the crossing until it (the automobile) "was almost on the track." He said that at once when he made the discovery he holloed to the engineer, and that the latter acted at once in an effort to stop the train. The issue was submitted to the jury in language as follows:

"Do you find from a preponderance of the evidence that the fireman on the locomotive discovered that the driver of the automobile in which Mrs. Willie Inman was riding was going to cross the track in front of the moving train, and that he discovered such fact in time that he could, in the exercise of ordinary care, have given warning to the engineer; so that the engineer, in the exercise of ordinary care, could, by the use of the means at hand consistent with the safety of the train, its crew, and passengers, have stopped or slackened the speed of the train in time to have avoided a collision with the automobile?"

Appellant objected to the issue as submitted to the jury, on the ground that the language thereof was "confusing and uncertain" as to what the court meant, and on the ground that an issue as to whether or not

the fireman discovered that the deceased was going to cross the track was joined with the issue as to whether after the fireman made such discovery there was time in which by using proper care he might have effectually warned the engineer of the danger to the occupants of the automobile. Appellant complains here because the trial court overruled its objection to the issue, and because said court refused its request to substitute therefor language as follows:

"Do you find from a preponderance of the evidence that, when the fireman on the locomotive which struck the automobile in which Mrs. Inman was riding discovered that the driver of it was going to attempt to cross the railroad track on the highway crossing in front of the approaching train, such discovery was in time for him, by the exercise of ordinary care, to give warning thereof to the engineer, so that the engineer, by the exercise of ordinary care, could, by the use of means at hand consistent with the safety of the train, its crew, and passengers, have stopped or slackened the speed of the train in time to have avoided a collision with the automobile?"

We think the issue as submitted was not subject to the objection that, as framed by the court, it was "confusing and uncertain." It plainly meant, and the jury as intelligent persons must be assumed to have understood it to mean, that they were to determine whether the fireman discovered that the person in charge of the automobile was going to drive it upon the crossing, and whether, if the fireman discovered that, it was at a time when by the exercise of proper care he could have effectually warned the engineer of the danger and the engineer by the exercise of such care could have so handled the train as to have avoided the collision which occurred. Overruling the objection to the issue on the other ground urged to it also was not error—certainly not error entitling appellant to a reversal of the judgment. Rule 62a for the government of Courts of Civil Appeals; Iron Works v. Prado (Tex. Civ. App.) 220 S. W. 282; Pullman v. McGowan, (Tex. Civ. App.) 210 S. W. 842.

[2] Practically the only difference between the issue as submitted to the jury and the issue as framed and requested by appellant and refused by the court was that as submitted the jury was required to find whether the fireman discovered that the driver of the automobile meant to drive it upon the crossing, while as framed by appellant it was assumed the fireman made such discovery. Hence we think the contention based on the refusal of the court to substitute the issue in the form it requested it for the issue in the form it was submitted is without merit, and, on the authorities cited above, overrule it.

[3] The complaint based on the refusal of the court to give to the jury special charges Nos. 2 and 3 requested by appellant as explanatory of the issue as to discovered peril is believed to be without merit. We do not think the issue as framed needed explanation, and are of the opinion it would have been error to have given the refused charges. Houston E. & W. T. Ry. Co. v. Kopinitsch (Tex. Civ. App.) 282 S. W. 884.

[4, 5] Of the other assignments not disposed of when the record was first before us several relate to the issue as to the speed of the train, and several others to the issue as to contributory negligence on the part of the deceased. We do not think it is necessary to consider any of such assignments, for, if all of them were sustained, there would still be sufficient support for the judgment, so far as it determined the question as to liability on the part of appellant to appellees for damages, in the findings of the jury on the issue of discovered peril. Contributory negligence of the deceased was not a defense against a recovery by appellees on the ground that the death of Mrs. Inman was due to negligence on the part of appellant's employees after they discovered her to be in peril from the train, notwithstanding such peril may have resulted from negligence of deceased.

[6] One of the two of said assignments remaining is that the judgment is excessive so far as it is for $500 in favor of appellee Opal Inman, and the other is that it is excessive so far as it is for $14,500, in favor of appellee Hugh Inman. By the terms of the statute (article 4677, R. S. 1925) the jury had a right to "give such damages" as they thought to be "proportionate to the injury" resulting from Mrs. Inman's death, and to divide same as they saw proper between the appellees. It is held that the amount of damages recoverable in cases of this character "must be left largely to the sound discretion and common sense of the jury." Railway Co. v. Mills (Tex. Civ. App.) 143 S. W. 690; Schoff v. Young (Tex. Civ. App.) 264 S. W. 582. We are unable to say from the record before us that in finding the amount they did the jury abused the discretion they possessed, and hence overrule appellant's contention.

The judgment heretofore (to wit, on March 11, 1926) rendered by this court, reversing the judgment of the court below, will be set aside, and instead a judgment affirming said judgment of the court below will be rendered here.