## FIRST NAT. BANK OF LAKE BENTON v. GALBRAITH.

(Circuit Court of Appeals, Eighth Circuit. March 7, 1921.)

No. 5477.

Bankruptcy ☞166(4)—Alleged preference not recoverable, where defendant had no reasonable cause to believe preference would be effected.

    A trustee in bankruptcy cannot recover an alleged preferential payment under Bankruptcy Act, § 60b, as amended (Comp. St. § 9644), where there is no sufficient evidence that defendant had reasonable cause to believe that the enforcement of the payment would effect a preference.

In Error to the District Court of the United States for the District of Minnesota; Page Morris, Judge.

Suit by John P. Galbraith, as trustee in bankruptcy, against the First National Bank of Lake Benton. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Louis P. Johnson, of Ivanhoe, Minn., for plaintiff in error.

Charles W. Sterling, of St. Paul, Minn. (Todd, Fosnes & Sterling, of St. Paul, Minn., on the brief), for defendant in error.

Before HOOK and CARLAND, Circuit Judges, and VAN VALKENBURGH, District Judge.

HOOK, Circuit Judge. The trustee in bankruptcy sued the bank to recover an alleged preferential payment by the bankrupt. A trial to a jury resulted in a verdict for the plaintiff, and a judgment followed accordingly. The defendant's motion at the close of the trial for a directed verdict in its favor was denied by the trial court. The ruling raises the question of the sufficiency of the evidence to support the verdict.

It was necessary for the plaintiff to prove, not only that the bankrupt was insolvent when the payment was made, but also that the defendant had at the time reasonable cause to believe that the enforcement of the payment would effect a preference. Bankruptcy Act, § 60b, as amended (Comp. St. § 9644). It was a very close question whether the bankrupt was in fact insolvent when he made the payment to defendant. The jury had considerable trouble over it, once returning to the court for further instructions, and again with a statement that they were unable to agree. However, we take the verdict finally rendered as estab-

lishing the fact of insolvency. We refer to the doubt about it simply for its reflexive light upon the situation as it appeared to defendant when it received the payment. The trial of the issue of insolvency developed facts about the bankrupt's financial condition which would not ordinarily have been known, and were not known by defendant; and even then, as we have said, the question was a close one.

As to the second part of the plaintiff's burden of proof—that is to say, to show that defendant had reasonable cause to believe that the enforcement of the payment would effect a preference—we are clear that there was not sufficient evidence to sustain the verdict. The transaction was an ordinary one, under the circumstances as they appeared and without the attendance of features that would excite suspicion, much less afford reasonable ground for the belief required.

The judgment is reversed, and the cause is remanded for a new trial.