## PUCKETT v. DAVIS, Agent. (No. 2471.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 8, 1921.)

**1. Trial ⊜⇒358—No judgment should be rendered upon a special verdict whose findings are utterly inconsistent.**

The rule in Rev. St. art. 1990, that the court must enter judgment on a special verdict rendered by the jury, is subject to exception where different findings of the special verdict are conflicting and so inconsistent that no judgment should be rendered on the verdict.

**2. Railroads ⊜⇒448 — Judgment held unauthorized on account of inconsistency in findings as to killing of animal.**

A jury's finding that plaintiff's bull was struck and killed through gross negligence in the operation of defendant's train and a finding that the negligence was not the proximate cause of striking and killing the animal are so conflicting and inconsistent that no judgment on the verdict should be rendered for either party, and the verdict should be set aside.

Appeal from Red River County Court; R. J. Williams, Judge.

Suit by F. B. Puckett against James C. Davis, Agent and Director General in charge of the Texas & Pacific Railway Company. Judgment for the defendant, and the plaintiff appeals. Reversed and remanded for new trial.

T. T. Thompson and Prentice Wilson, both of Clarksville, for appellant.

Geo. Morrison, of Clarksville, and R. S. Shapard, of Dallas, for appellee.

LEVY, J. The suit is by appellant to recover the value of a Jersey bull alleged to have been killed through negligence in the operation of a train of the Texas & Pacific Railway Company. The case was submitted to the jury on special issues, and upon the answers of the jury a judgment was entered in favor of the defendant. The jury made the following answers to the questions submitted: (1) That the bull was struck and killed on the public road-crossing by a train of the defendant, and (2) that the defendant was "guilty of gross negligence in striking said bull," but (3) "such gross negligence" was "not the proximate cause of the injury complained of."

[1, 2] The finding by the jury that the bull "was struck" and killed through "gross negligence" in the operation of the train is conflicting with the further finding that the negligence was "not the proximate cause" of striking and killing the bull. Evidently, if the bull was struck and killed through gross negligence in operating the train, it follows necessarily that the sole producing cause of the animal's death was the negligent operation of the train. And the further finding that the negligence was "not the proximate cause" of the bull's being struck and killed would clearly be a conflicting finding of fact with the previous finding that through gross negligence the bull was struck and killed. In view of these findings of the jury, was the court authorized to render a judgment, as he did, for the defendant? Where a special verdict of the jury is rendered, the court must enter a judgment thereon. Article 1990, R. S.; Scott v. Bank (Tex. Civ. App.) 66 S. W. 485. An exception, however, to this rule, obtains where the different findings of the special verdict are conflicting and so utterly inconsistent with each other that no judgment should be rendered upon the verdict. Waller v. Liles, 96 Tex. 21, 70 S. W. 17; Van Valkenburg v. Ruby, 68 Tex. 139, 3 S. W. 746. Ordinarily an act found to be negligence may or may not be the proximate cause of the injury, according to the facts of the particular case. And in this particular case the only questions, according to the evidence, were: (1) Whether the train struck and killed the bull at a public road crossing, and (2) whether or not the defendant was guilty of negligence in operating the train at the place of injury. There is no evidence in the record even tending to show any contributory negligence on the part of the owner of the bull so that the proximate cause could be held as referring to such contributory negligence instead of negligence of the defendant. And there is no evidence even tending to show that anything other than the engine did or could have caused the injury in suit. Consequently, the finding of the jury as to "proximate cause"

---

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

could only be referable to the negligence vel non of the defendant. And finding as the jury did that the bull was "struck" and killed through "gross negligence" in the operation of the train, it would necessarily follow as a matter of law that the sole producing cause of the injury to the bull was the "gross negligence" of operating the train in a way to strike and kill him. Hence the further finding that the bull's being struck and killed was not proximately due to "gross negligence" of operation would be a conflicting and inconsistent finding of fact. Legal effect could not be given all the findings as they stand, and the court should have set aside the verdict and not rendered judgment for either plaintiff or defendant.

It is suggested, in view of another trial, that the court should have given the special charge, properly worded, in respect to limitation of part of the evidence of the witness Allen, to be considered on the question only of credibility.

The judgment is reversed, and the cause remanded for another trial.