## SAN ANTONIO & A. P. RY. CO. v. WILLIAMSON. (No. 6875.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 31, 1923.)

**I. Appeal and error ⬅➡930(3)—Jury assumed to have read instructions and found facts necessary to sustain 'answer to issue.**

Where the jury were instructed that if they found plaintiff knew, or should have known, the danger, then they should answer a particular issue in the affirmative, and they so answered, it must be assumed that they read the instructions and found the conditions to exist necessary to sustain their answer.

**2. Master and servant ⬅➡297(2) — Findings held inconsistent.**

Findings that plaintiff knew of the danger, or should have known, and that he did not know the danger and should not have known it, *held* inconsistent and insufficient to sustain a judgment.

Appeal ·from District Court, Bee County; M. A. Childers, Judge.

Action by William K. Williamson, Jr., against the San Antonio & Aransas Pass Railway Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Boyle, Ezell & Grover, of San Antonio, for appellant.

L. D. Stroud and Dougherty, Dougherty & Tarlton, all of Beeville, for appellee.

FLY, C. J. Appellee brought this action to recover damages from appellant arising from the alleged negligence of appellant in constructing a certain dump, or set-off, to be used to receive and hold motorcars which conveyed its employés to their work. It was alleged that appellee was an employé of appellant working with a bridge gang, and that on a certain occasion the motorcar which was driven by appellee was taken from the track and placed on the set-off while the gang were working on a bridge, and while so working appellee was ordered and undertook to place a tarpaulin over the car while on the set-off to protect it from a rain that was falling, and while so engaged the car fell from the set-off on appellee and injured him. The cause was tried by jury, resulting in a judgment for appellee in the sum of $5,625.

The cause was submitted to the jury on 13 special issues, in answer to which the jury found that the dump or set-off, by reason of its length and character of construction, was defective and dangerous, that it was negligence in appellant to furnish such set-off as a place for appellee to work; that such negligence was the proximate cause of the injury to appellant; that his damages from the injury amounted to $6,250; that

appellant was guilty of contributory negligence in endeavoring to cover the motorcar with the canvas; that such contributory negligence was the proximate cause of the accident and the injuries; and that such contributory negligence should diminish his damages in the sum of $625. The jury found that the accident and injuries were due to a risk assumed by plaintiff ordinarily incident to his employment, that he either knew the defects in the set-off or the danger incident thereto, and that the danger was so obvious and open that an ordinarily prudent person would under the circumstances, necessarily have appreciated the defects and danger, but further found that the defects were not known to appellee at 'the time he covered the car, and were not so obvious that an ordinarily prudent person would necessarily have known them. They further found that the method adopted by appellee in covering the car was a dangerous one, but that appellee did not know it, and that the danger was not so obvious and open as to charge him with knowledge of the danger. They found that appellee was engaged in interstate commerce work at the time the car fell· on him.

The eighth special issue is, "Was the accident and plaintiff's injuries, if any, due to a risk assumed by him?" and the court instructed the jury that an employé assumes the risks, ordinarily incident to his employment, but that the employé does not assume any risk arising out of the negligence of his employer, in failing to furnish a safe place for him to work, unless the employé understood the defect and the danger incident thereto, or unless the defect and danger were so obvious that an ordinarily prudent person would necessarily have known the same. The court repeated these instructions as applicable to appellee, and with ·those clear instructions the jury found that appellee assumed 'the risk and was injured thereby.

In the ninth special issue the knowledge of the defect and danger of the situation was again submitted, and the jury found that appellee did not know of the danger, and that an ordinarily prudent person would not have known of the defect and danger, and in answer to the tenth special issue found that the method of covering the car adopted by appellee was a dangerous one. Then in answer to question 11 the jury found that appellee did not know of the dangerous method adopted by him, and that an ordinarily prudent person would not have known it.

The findings are clearly irreconcilable, and show beyond doubt that the jury were at sea, and were lost in a maze of conflicting matters which they did not understand. If the ninth, tenth, and eleventh issues had not been presented they might have reached a comprehensible verdict, but the repetition of

the same issue in a somewhat different guise carried them into inextricable confusion and they emerged with a verdict so utterly inconsistent as not to be sufficient to form the basis of a judgment.

[1] The judge informed the jury that in answering special issue No. 8 they were to be guided by the instructions accompanying it, and he concludes the instructions by telling them that, if they found that the appellee knew, or should have known, the danger of the situation, then they should answer the question as to whether appellee had assumed the risk in the affirmative, and they so answered. We must assume that they read the instructions, and that they found the conditions to exist, necessary to sustain an affirmative answer.

The case of Railway v. Smith (Tex. Civ. App.) 197 S. W. 618, had no confused irreconcilable findings to contend with such as those with which we are confronted in this case. In that case it was found that the plaintiff did not attempt to step on a stringer, lose his balance, and fall to the ground, and it was not confusing to find that if he had so stepped and fallen it would have been the proximate cause of his injuries.

[2] The last finding was utterly immaterial, and conflicted with no other finding, but to find in one breath that appellee knew of the danger, or should have known, and in the next that he did not know of the danger, and should not have known, is irretrievably confusing and irreconcilable, and one of the findings was of equal importance with the other. West Lumber Co. v. Keen (Tex. Com. App.) 237 S. W. 236; Puckett v. Davis (Tex. Civ. App.) 238 S. W. 367.

In view of a reversal we will not discuss the facts, except in so far as to say that they were sufficient to go before a jury. A fact case for a jury is created by the evidence adduced on the trial, and should be submitted under a proper charge. The assignments of error as to the admission of the testimony of Sparks are all overruled.

Because there was no such intelligible findings by the jury as would sustain the judgment it is reversed, and the cause remanded.