## NEWTON v. NEW BEDFORD STORAGE WAREHOUSE CO.

(District Court, D. Massachusetts. May 11, 1925.)

No. 2384.

Bankruptcy ⚖︎166(4)—Property transferred as additional security held not recoverable as preference.

Property transferred by bankrupt to a creditor as additional security *held* not recoverable as a preference, on the ground that at the time of the transfer the creditor did not have reasonable cause to believe that the transfer would effect a preference.

At Law. Action by Jewett B. Newton, trustee in bankruptcy of William F. Huntley, against the New Bedford Storage Warehouse Company. Judgment for defendant.

Joseph Wiggin, of Boston, Mass., for plaintiff.

James F. Bacon, Cox & Bacon, Frederick C. Allen, and Allen & Smith, all of Boston, Mass., for defendant.

BREWSTER, District Judge. This is an action at law to recover an alleged preference under section 60 of the Bankruptcy Act (Comp. St. § 9644).

The first six items of the account annexed to plaintiff's declaration represent transfers made to secure a loan made by the defendant to the bankrupt on the date of the transfer and were not given to secure a pre-existing indebtedness. The transfer of these items, therefore, does not fall within the terms of section 60a.

The remaining items, Nos. 7 to 20, inclusive, represent transfers of merchandise made on May 16, 1923, as additional security for pre-existing indebtedness.

The evidence before the court is this case is hardly sufficient to sustain the plaintiff's burden of showing that the bankrupt was insolvent on May 16, 1923. However that may be, the evidence falls far short of establishing the fact that the defendant had reasonable cause to believe that the enforcement of the transfer would effect a preference, and I therefore find as a fact that the defendant did not have reasonable cause to believe that the transfer to it of the additional security would effect a preference voidable under section 60b.

It follows that the plaintiff is not entitled to recover, and judgment may be entered for the defendant.