## HAIR v. WICHITA VALLEY RY. CO.
### (No. 2508.)

(Court of Civil Appeals of Texas. Amarillo. June 3, 1925. Rehearing Denied July 1, 1925.)

1. **Appeal and error ⬅230—Objection to issue not presented before submission to jury, not considered.**

When objection to special issue submitted in main charge was not made before general charge was read to jury, as required by Vernon's Sayles' Ann. Civ. St. 1914, art. 1971, appellate court could not consider such objection.

2. **Judgment ⬅198—Jury's findings on issues made by pleadings only basis on which any proper judgment can be rendered.**

Jury's findings on issues made by pleadings, though against undisputed evidence or without evidence to support them, cannot be disregarded, but constitute only basis on which any proper judgment can be rendered.

3. **New trial ⬅60—Trial court must set aside verdict and grant new trial, where jury's answers conflicting.**

Where jury found, in answer to special issues, that plaintiff's cattle were injured by negligence of defendant, after finding that defendant was not negligent, under Vernon's Sayles' Ann. Civ. St. 1914, art. 1990, trial court was without discretion, and could only set aside verdict and grant new trial, and failure to do so was error.

**4. Carriers ⊜═45—That defendant used cars of another railroad immaterial on question of negligence in failing to furnish cars.**

A railroad may properly enter into contract with another railroad to furnish cars for its use in shipping business, and fact that it does so does not show negligence in suit based on its alleged negligence in failing to furnish cars.

Appeal from District Court, Clay County; Paul Donald, Judge.

Action by B. J. Hair against the Wichita Valley Railway Company. Judgment for defendant, and plaintiff appeals. Reversed and remanded for new trial.

Wantland & Glasgow, of Henrietta, and J. S. Dickey, of Wichita Falls, for appellant.

Thompson, Barwise & Wharton, of Fort Worth, and Taylor, Muse & Taylor and J. L. Lackey, all of Wichita Falls, for appellee.

RANDOLPH, J.  This suit was brought by Hair against the Wichita Valley Railway Company to recover damages alleged to have been occasioned him by the failure of defendant to furnish cars, and also for damages to the shipment of cattle from Petrolia, Tex., on defendant's line to Fort Worth, Tex., by reason of rough handling of the cattle. A trial before a jury on issues submitted to and answered by them resulted in the trial court rendering a judgment for defendant, from which appeal was taken to this court.

The plaintiff's petition prayed for special damages incurred by reason of necessity for herding cattle in fields, of which defendant was alleged to have had notice; for $300 for extra feed to maintain his cattle during the time between the date of the order and the furnishing of the cars; for 10 per cent. shrinkage on the different classes of cattle in the sum of $315.12; for $152.53 for six head of dead and crippled cows; for $250 for depreciation in the market value of the cattle by reason of the stale appearance of the cattle.

Plaintiff presents three propositions under which he charges reversible error on the trial of the case. The first proposition is as follows:

That the trial court "erred in refusing to set aside the verdict of the jury in answer to special issue No. 2, which issue and answer are as follows: Do you find from the preponderance of the testimony that the demand made by the plaintiff was acquiesced in and ratified by the defendant railway company for it, the railway company, to furnish plaintiff with cars sufficient to handle his cattle from Petrolia, Tex., to Fort Worth, Tex., said cars to be furnished on October 30, 1922? Answer yes or no. Answer: No."

[1] Article 1971, V. S. C. S. (1914), requires that all objection to the court's charge as given in every instance must be presented to the court before the said charge is read to the jury, and all objections not so made and presented shall be considered as waived.

There is nothing in the record to show that the objection to the issues submitted in the main charge was made before the general charge was read to the jury. We cannot consider same. The objection must have been made in conformity with the statute in order for the appellant to be entitled to present such objection here. Fort Worth & D. C. Ry. Co. v. Kidwell, 112 Tex. 89, 94, 245 S. W. 667; Gulf, T. & W. Ry. Co. v. Dickey, 108 Tex. 126, 187 S. W. 184; Longwell Transfer Co. v. Elliott (Tex. Civ. App.) 267 S. W. 346–348.

The appellant assigns as error the action of the trial court in refusing to set aside the findings of the jury in answer to special issues Nos. 6 and 7 because of conflict in such finding. The issues and answers thereto are as follows:

"Special Issue No. 6. Do you find from the preponderance of the testimony that the defendant was 'negligent,' as that term has hereinbefore been defined, in the handling of said cattle, as alleged by plaintiff, while in transit? Answer yes or no.  Answer: No."

"Special Issue No. 7. Do you find from the preponderance of the testimony that said plaintiff's cattle were injured, if any, by the 'negligence' of said defendant, if any, as that term has hereinbefore been defined, while said cattle were in transit, as alleged by plaintiff? Answer: Yes."

These issues clearly conflict, and the trial court should not have ignored this conflict. The jury unqualifiedly finds that the plaintiff's cattle were injured by the negligence of defendant, after finding that the defendant was not negligent.

[2, 3] The findings of the jury upon the issues made by the pleadings in a case, although against undisputed evidence, or without evidence to support them, cannot be disregarded, but must constitute the only basis upon which any proper judgment can be rendered. Consequently, when the jury returned conflicting answers to these issues, the trial court was without discretion, and could only set aside the verdict and grant a new trial.  Article 1990, V. T. C. S.; Waller v. Liles, 96 Tex. 21, 70 S. W. 17; Ablowich v. Bank, 95 Tex. 425, 67 S. W. 79, 881; Massie v. Hutcheson (Tex. Com. App.) 270 S. W. 544, 545; Kahn v. Cole (Tex. Civ. App.) 227 S. W. 556; Puckett v. Davis, Agt. (Tex. Civ. App.) 238 S. W. 367; San Antonio & A. P. Ry. Co. v. Williamson (Tex. Civ. App.) 247 S. W. 1098.

[4] Appellant's proposition raising the question of error on the part of the trial court, in not setting aside the finding of the jury that the defendant was not negligent in failing to furnish cars because the evidence shows that the defendant owned no cars, but used cars of another railroad, and that this

---

⊜═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

in itself was negligence, cannot be sustained. We see no reason why any railroad could not enter into a contract for another railroad to furnish cars for it to use in its shipping business. The inquiry as to negligence is, not that the defendant did or did not have cars of its own, but was it negligent in failing to furnish cars—as to how it furnished them is no concern of the plaintiff.

For the error in failing to set aside the verdict of the jury upon the conflicting answers to special issues Nos. 6 and 7, we reverse the judgment of the trial court and remand the case for a new trial.