## LABOR BANK & TRUST CO. et al. v. DOW.
### No. 9352.

Court of Civil Appeals of Texas. Galveston. May 21, 1929.

Rehearing Denied June 13, 1929.

On Motion for Rehearing March 19, 1930.

Further Rehearing Denied April 10, 1930.

King, Wood & Morrow, Einz J. Settegast, and H. E. Cox, all of Houston, for appellants.

Shelby Fitze, Joe Moore, and Harry Dow, all of Houston, for appellee.

PLEASANTS, C. J.

This appeal is from an order of the court below, granting a temporary injunction in a suit brought by appellee against appellants.

Appellee sued as trustee of the bankrupt estate of the First Industrial Finance Corporation, which had been adjudged bankrupt on December 5, 1928, in a suit brought by creditors.

The petition alleges, in substance, that the bankrupt finance corporation on August 19, 1928, executed its note in favor of the defendant Labor Bank & Trust Company for the sum of $6,447.14, payable thirty days after date, with interest at the rate of 8 per cent. per annum, and for the purpose of securing the payment of the notes delivered to said defendant notes owned and held by the finance corporation; that the defendant labor bank had collected on some of said collateral notes the sum of $4,500 and applied the same as a payment on the $6,447.14 note in its favor, leaving a balance due thereon of $1,918.36, and that to secure this balance, there remained $10,000 worth of collateral notes which were in the hands of defendant B. C. Bukowski, as trustee, and that the Labor Bank & Trust Company is now doing business with the defendant Marine Banking & Trust Company, the exact nature of the connection between the two banks being unknown to plaintiff.

It is then alleged that the note of the finance corporation had been placed in the hands of attorneys for collection, "and that said defendants have demanded that the bankrupt pay the principal and interest due on said note and 10 per cent attorney's fees, and in addition the defendants have demanded that $650.00 be paid and that in the event said payments are not made by 9:00 A. M. February 27, 1929, they will proceed to sell said collateral for the purpose of satisfying the balance owing on said note; that said collateral is worth about $10,000.00, and that said defendants propose to hold said sale privately without any character of public notice for the purpose of securing said collateral which is worth many times the amount owing on the principal note and propose to buy said collateral at a grossly inadequate price, and in addition are claiming attorney's fees and a penalty of $650.00 that cannot be legally collected.

"Plaintiff further shows to the court that said note was executed within four months prior to the adjudication of bankruptcy and that at the time said bankrupt was insolvent, and in fact was executed within four months before the actual adjudication of bankruptcy, and that the attempted lien given on the collateral mentioned herein, if the same should be construed to be a lien, is void as a preference.

"That the note mentioned herein insufficiently describes the collateral attempted to be pledged and merely uses the words, 'secured by collaterals attached,' and that said collateral was not in fact attached to the note, but merely delivered into the possession of the Labor Bank & Trust Company, and that the collateral has been frequently switched and other collateral substituted therefor without any adequate notation of the same in the note, and said purported lien claimed by the defendants is, therefore, void and of no effect.

"That if notice is given or foreclosure is made through the court, an adequate price can be secured for said collateral, and that irreparable injury and damage will result to the plaintiff if a secret and private sale is held."

The prayer of the petition is for an injunction restraining the defendants from transferring the note of the finance corporation, or any of the collateral notes held by them, and from selling or in any way disposing of any of the collateral, and that upon a final hearing the transfer or pledge of the collateral be held void as a preference, and that he be awarded possession thereof, and for equity and general relief.

The defendants answered by general demurrer, special exceptions, and general denial, and further specially denied that the indebtedness represented by the note of the finance corporation was incurred within four months of the adjudication of bankruptcy of the finance corporation, and aver:

"That in the month of December, 1927, the First Industrial Finance Corporation borrowed from the defendant Labor Bank & Trust Company the sum of $7500.00, executing and delivering to the said Labor Bank & Trust Company its note for said amount, which was due and payable on the 5th day of January, 1928, and at the same time delivered to the defendant Labor Bank & Trust Company as collateral various notes due and payable to the First Industrial Finance Corporation, and being the collateral mentioned by the plaintiff in his petition; with the agreement that the same might be sold in event of default at public or private sale, that from time to time from the inception of said loan until the execution and delivery of the present note now held by the said Labor Bank & Trust Company the said First Industrial Finance Corporation would execute and deliver to the defendant Labor Bank & Trust Company renewal notes, taking up at such time old notes, and that the note held by the Labor Bank & Trust Company and involved in these proceedings is a renewal of the original note executed as aforesaid; that the collateral now held by the Labor Bank & Trust Company is the same and identical collateral pledged with it by the First Industrial Finance Corporation at the inception of the loan above mentioned, and that the note now held by the First Industrial Finance Corporation, above mentioned, is but a renewal and extension of the original loan as hereinabove alleged.

"That the Labor Bank & Trust Company is now the legal and equitable owner and holder of the note hereinabove mentioned, which is now long past due and unpaid, and is the owner and holder and is in possession of the collateral hereinabove mentioned. That it has declared said note fully due and unpaid and is now seeking to sell the collateral pledged to it as security for the payment of said note, as it is authorized to do by the terms and provisions of such note. And in this connection the Labor Bank & Trust Company would further show to the court that it is at this time in liquidation and must at the earliest possible moment collect all indebtedness now due to it on account of said liquidation.

"These defendants would show to the court that the defendant Labor Bank & Trust Company loaned to the said First Industrial Finance Corporation the amount hereinabove mentioned in good faith, upon the securities which were given to it as security for said loan."

Upon a hearing in the court below, appellee was granted a temporary injunction restraining appellants from selling or otherwise disposing of the collateral notes held by them, until a final trial of the case, or further order of the court. The issuance of the writ of injunction was made conditional upon the execution by appellee of a bond for $500 to protect appellants from loss.

We agree with appellants that the evidence fails to show that the transfer of the collateral constituted a voidable preference under the Bankruptcy Act. The element of fraud is wholly lacking, the evidence showing that appellant labor bank acted in good faith in making the loan to the finance corporation and with no knowledge of any facts from which a reasonably prudent person might have suspected the insolvency of the corporation. First National Bank v. Galbraith (C. C. A.) 271 F. 687; Newton v. Warehouse Co. (D. C.) 6 F.(2d) 93; 7 Cyc. page 150.

We also agree with appellants that the failure to record the transfer of the collateral, even if such recording is within the purview of section 96 of the Bankruptcy Act, vol. 11 USCA page 336, does not of itself affect the good faith of the labor bank in making the loan, and the transaction cannot be held preferential because of the failure to record the transfer of the collateral. In re Ballard (D. C.) 279 F. 574; Nunn v. Padgitt Bros. (Tex. Civ. App.) 161 S. W. 921.

The evidence, however, is sufficient to sustain the finding that the collateral held by appellants constitutes practically all of the bankrupt estate, that its value is greatly in excess of appellants' claims against the bankrupt, and that, if it is sold by appellants at private sale without notice, it will most likely be sold for much less than its reasonable market value, and the creditors of the estate who are represented by appellee will thereby suffer irreparable damage.

In these circumstances, a court of equity is not without power to stay the exercise by appellants of their legal right to sell the collateral at private sale and without notice.

■ Whenever, by reason of circumstances extrinsic of the instrument which confers a legal right, the enforcement of the right in the manner provided in the instrument would be inequitable and work irreparable injury for which there is no legal remedy, a court of equity is authorized to enjoin such enforcement. 42 Corpus Juris, par. 1353, page 930.

■ Under the order of the trial judge granting the temporary injunction, appellants cannot suffer loss other than inconvenience caused by delay in' the collection of their debt, for, as before shown, the security and the bond required of appellee are amply sufficient to protect them. In a case of this kind, the well-established rule of balance of convenience is applicable. The rule is thus stated in Joyce on Injunction, Vol. 1, § 25:

"Where the rights of the parties are at all doubtful, the court applied to for an injunction should look to the balance of convenience, and act upon the consideration of the comparative inconvenience which may arise from granting or withholding the injunction." Cartwright v. Warren (Tex. Civ. App.) 177 S. W. 200; Jeff Chaison Townsite Co. v. McFaddin, etc., Land Co., 56 Tex. Civ. App. 611, 121 S. W. 716.

If, by reason of delay in obtaining a final trial of the case, from depreciation in the value of the collateral or other cause, appellants are threatened with loss by reason of the injunction, the trial court is not lacking in power to modify its order, or require appellee to give a larger bond.

We do not feel authorized upon the record before us to disturb the findings and order appealed from, and it is; therefore, affirmed.

Affirmed. ·

### On Motion for Rehearing.

■ In a second motion for rehearing filed by appellants on June 27, 1929, it is shown that the amount of indebtedness then due appellants on the note of the finance corporation did not exceed the sum of $1,100, and that the collateral notes then held by appellants to secure said indebtedness were largely in excess of that amount, but that to collect said collateral notes by suit would require the bringing of a large number of suits and cause unnecessary expense and delay in the collection of appellants' indebtedness, and said notes could not be otherwise collected.

Under these circumstances, we have concluded that equity does not require that appellants be made to forego their contract right to collect their indebtedness by a sale of the collaterals held by them; all that in equity can be required of appellants is that the sale be a public one, after due legal notice has been given thereof.

The motion for rehearing has been granted, our former judgment of affirmance set aside, and the judgment of the trial court modified and reformed as above indicated, and affirmed, as so reformed.