## ELLIOTT v. BRANN.
### No. 12426.

Court of Civil Appeals of Texas. Fort Worth.
Feb. 7, 1931.

Rehearing Denied March 28, 1931.

Marvin H. Brown & Son, of Fort Worth, for plaintiff in error.

Elton M. Hyder, of Fort Worth, for defendant in error.

### CONNER, C. J.

This appeal is from a judgment in favor of appellee and against appellant for the sum of $403.19, principal, interest, and attorneys' fees, due upon a promissory note executed by appellant and payable to appellee. The appellant Elliott, hereinafter referred to as defendant, pleaded a failure of consideration, and further that the execution of the note had been fraudulently secured in the particulars specified in the special issues submitted to the jury for determination. Those issues, together with the findings of the jury thereon, are as follows:

"1. Did E. J. Brann, at the time he procured the signature of J. P. Elliott to the sale contract, tell the said Elliott that R. M. Bowen sent him, the said Brann, out to the said Elliott to get the said Elliott's signature thereto? Answer: Yes.

"2. If you have answered this issue in the negative, you need not answer the following issue, but if you have answered it in the affirmative, then answer: Did the said Bowen make any such statement to the said Brann? Answer: Yes.

"If you have answered this issue in the negative, you need not answer the following issue, but if you have answered it in the affirmative, then answer:

"3. Did J. P. Elliott rely upon the statement made by the said Brann, in signing the contract of sale? Answer: Yes.

"4. At the time J. P. Elliott signed the note sued upon, did E. J. Brann represent to the said Elliott that he would settle the controversy with reference to the commission for the sale of the property in question, between he, the said Brann, and Charles A. Arbuthnot? Answer: No.

"If you have answered this issue in the negative, you need not answer the following issue, but if you have answered it in the affirmative, then answer:

"5. Did J. P. Elliott rely upon such promise and representation, if any, in executing said note? Answer yes or no. Answer: ———.

"If you have answered this issue in the negative, you need not answer the following issue, but if you have answered it in the affirmative, then answer:

"6. If you have answered Special Issue No. 4 in the affirmative, then answer: At the time the said E. J. Brann made such representation and promise, did he intend to carry out and perform the same? Answer: ———."

The court also submitted the following special issue requested in behalf of appellee, which, with the answer thereto, is as follows:

"Gentlemen of the Jury:

"If you have answered special issue No. 3 in the negative, you need not answer this question, but if you have answered same in the affirmative, then answer:

"At the time J. P. Elliott signed the note sued upon, did he know that the statements made by E. J. Brann, as set forth in special issue No. 1 of the court's main charge in regard to Bowen sending Brann out to get Elliott's signature to contract of sale, were untrue? Answer yes or no.

"Answer: No."

There is no contention that the evidence fails to support the verdict of the jury. Indeed, only two questions are presented for our determination by appellant's assignment of error. They are:

1. That there is a conflict between the answers of the jury to issue No. 2 submitted

by the court and to the special issue submitted upon the request of plaintiff, and that such conflict renders nugatory the finding in answer to issue No. 2, and that hence no judgment could legally be entered upon the jury's findings.

2. That the court erred in overruling appellant's objection to certain evidence to be hereinafter set forth.

■ Appellant cites in support of his first contention the following cases: Stoker v. Fugitt (Tex. Civ. App.) 102 S. W. 743; Royal Ins. Co. v. Okasaki (Tex. Civ. App.) 177 S. W. 200; Kahn v. Cole (Tex. Civ. App.) 227 S. W. 556; Puckett v. Davis (Tex. Civ. App.) 238 S. W. 367; N. T. T. Co. v. Weed (Tex. Com. App.) 300 S. W. 41; Stiles v. Union Terminal Co. (Tex. Civ. App.) 1 S.W. (2d) 947.

We are of opinion that the present case is easily distinguishable from those cited by appellant. The requested issue was evidently based on defensive averments of appellee's answer, to the effect that even if the alleged allegations submitted in issue No. 1 were found by the jury to have been made and to have been false, appellant knew the fact of their falsity and he hence was not misled thereby. In other words, the special instruction was evidently requested to meet a possible contingency of a jury finding in appellant's favor on court issue No. 4. The jury having found, however, in favor of plaintiff, court issues Nos. 1, 2, and 3, an answer to the requested special issue was unsolicited and became immaterial. Indeed, there is no real conflict in this answer to the requested issue and the answers to the court issues. In view of the answers to the court issues, the answer to the requested issue could not consistently have been answered otherwise than was done.

■ The evidence introduced in behalf of plaintiff over defendant's objection was a written contract of purchase of certain lands owned by defendant, which contract had been signed by a proposed purchaser, procured by the plaintiff acting as an agent of defendant. Plaintiff presented the contract to defendant for his acceptance and signature, both of which defendant did. Plaintiff was claiming a commission for procuring the sale and testified that the promissory note declared upon by him was given by defendant to secure the commission. The evidence was clearly relevant and admissible in answer to defendant's verified plea of failure of consideration.

No other question having been presented by defendant's assignments of error, all are overruled, and the judgment is affirmed.