No. 29,891.

JULIA E. WHITMER, as Trustee of the Estate of J. E. WATSON, a Bankrupt, *Appellant*, v. MARTIN CHILDERS, *Appellee*.

(300 Pac. 1112.)

Opinion filed July 3, 1931.

*C. A. Walsh,* of Concordia, for the appellant; *Joe H. Eresch,* of Topeka, of counsel.

*C. L. Kagey, Leon W. Lundblade* and *L. M. Kagey,* all of Beloit, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This appeal brings up for a review the question of whether a conveyance of property constituted a voidable preference under the bankruptcy law. On April 10, 1928, J. E. Watson

filed his voluntary petition in bankruptcy and on that day was adjudged a bankrupt, and the plaintiff, Julia E. Whitmer, was appointed trustee. It appears from the findings of the court that on December 1, 1927, Watson was indebted to the defendant, Martin Childers, in the sum of $645 for money loaned to him by Childers, some of which had been due for several years. On that day Watson and his wife conveyed by a deed to Childers a one-eighth interest in the tract of 120 acres of land to pay the indebtedness of Childers. A deed was then executed, but was not recorded until March 18, 1929, the delay in recording the instrument being due to sickness in Watson's family, and also to his own sickness. When the deed was executed Childers did not know of any indebtedness of Watson, except that to the First National Bank of Beloit, which had a mortgage on practically all of Watson's property as security for his indebtedness to the bank. Childers accepted the deed from Watson in good faith in payment of Watson's debt to him and did not believe that Watson was insolvent, and it was found that he did not have reasonable grounds for believing him to be insolvent.

On December 1, 1927, Watson owed creditors about $12,000, $4,000 of which was unsecured, and at that time he owned property of the value of about $10,000. The land in question was encumbered by a life estate in the mother of Watson, and she was collecting the rents and profits of the land. In an action by the trustee to set aside the conveyance to Childers the trial court found that Childers was a purchaser in good faith and for a fair consideration, and refused to set the deed aside. Findings of fact were made substantially as stated and plaintiff moved to set the conclusion of law aside, and this motion being overruled judgment was entered for the defendant. Plaintiff appeals.

The transfer was made more than four months before the bankruptcy proceeding was instituted. Plaintiff says he is not raising a question that the conveyance was fraudulent, but is contending that it constituted a voidable preference within the meaning of the bankruptcy act. He concedes that an insolvent person may prefer his creditor unless there is a statutory inhibition, but that a trustee has a right under the bankruptcy act to have set aside a voidable preference. The trustee claims the transfer by Watson was a voidable preference under section 96 (b) Title 11, U. S. C. A. (p. 336.) It reads:

"If a bankrupt shall have procured or suffered a judgment to be entered against him in favor of any person or have made a transfer of any of his property, and if, at the time of the transfer, or of the entry of the judgment, or of the recording or registering of the transfer if by law recording or registering thereof is required, and being within four months before the filing of the petition in bankruptcy or after the filing thereof and before the adjudication, the bankrupt be insolvent and the judgment and transfer then operate as a preference, and the person receiving it or to be benefited thereby, or his agent acting therein, shall then have reasonable cause to believe that the enforcement of such judgment or transfer would effect a preference, it shall be voidable by the trustee and he may recover the property or its value from such person. And for the purpose of such recovery any court of bankruptcy, as hereinbefore defined, and any state court which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction."

One of the conditions of the setting aside of a voidable preference is that the person receiving it or to be benefited by the transfer shall have reasonable cause to believe that the transfer would effect a preference. On the evidence the trial court has found, as stated, that Childers accepted the deed in good faith from Watson, who was declared a bankrupt in April, 1928; that he did not at the time believe that Watson was insolvent, and further that he did not have reason to believe Watson to be insolvent; that the purchase was made by him in good faith for a fair consideration, that is, the payment of Watson's indebtedness to him in the sum of $645. In the interpretation of the quoted part of the bankruptcy act as to a voidable preference, a federal court, after speaking of certain assignments made by a bankrupt, said:

"They are absolutely void, whereas a preference is valid until and unless by court decree there are established the facts essential to avoid a preference, viz., insolvency, application of payment upon an unsecured debt and reasonable cause upon the creditor's part to believe he is obtaining a preference." (*In re Shurte*, 39 F. [2d] 100, 102.)

In *Miller v. Martin*, 17 F. (2d) 291, it was held:

"Payments by bankrupt within four months before adjudication are presumed legal, and burden is on bankruptcy trustee, seeking to recover them, to overcome presumption by fair preponderance of evidence establishing essential elements of voidable preference, by showing bankrupt's insolvency when security was given, or transfer made or recorded, existence of other creditors of same class at that time, that enforcement of security or transfer gives them a lesser percentage of their debts than creditor who received transfer or security, that bankrupt's estate was demolished, and existence of 'reasonable cause to believe.'"

To make it a voidable preference there is not only insolvency but the superadded element that the person to whom the transfer is made or security given shall have reasonable cause to believe that the transfer would effect a preference. The phrase "having reasonable cause to believe a person is insolvent," means more than a suspicion of insolvency. In *Grant v. National Bank*, 97 U. S. 80, it was said:

"It is not enough that a creditor has some cause to suspect the insolvency of its debtor; but he must have such a knowledge of facts as to induce a reasonable belief of his debtor's insolvency, in order to invalidate [under the bankrupt act] a security taken for his debt. . . . Hence the act, very wisely, as we think, instead of making a payment or a security void for a mere suspicion of a debtor's insolvency, requires, for that purpose, that his creditor should have some reasonable cause to believe him insolvent. He must have a knowledge of some fact or facts calculated to produce such a belief in the mind of an ordinarily intelligent man." (pp. 81, 82.)

See, also, *Studley v. Boylston Bank*, 229 U. S. 523; *In re Yesner*, 34 F. (2d) 978; *Labor Bank & Trust Co. v. Dow*, 26 S. W. (2d) 925.

An essential element of a voidable preference being that defendant had reasonable cause to believe that the transfer would effect a preference, having been negatived by the finding of the court, the transfer cannot be regarded as a voidable preference. Plaintiff suggests outside of the record that there was evidence which tended to show the contrary, but the case has been brought here on the findings alone. None of the evidence has been preserved and presented in the case and the question of law raised must therefore be determined on the facts found by the trial court.

Its judgment is affirmed.